Victor **TORRES RIVERA**, Defendant,
Appellant,

v.

**UNITED STATES** of America,
Plaintiff, Appellee.

No. 5050.

United States Court of Appeals
First Circuit.

April 26, 1956.

Victor Torres Rivera, pro se, on brief for appellant.

Luis Domingo Miranda, Asst. U. S. Atty., San Juan, P. R., with whom Rubén Rodríguez Antongiori, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and BIGGS * and WOODBURY, Circuit Judges.

PER CURIAM.

The appeal at bar was brought by Rivera from an order of the court below denying a motion made by him, pursuant to Section 2255, Title 28 U.S.C., to correct a sentence allegedly erroneously imposed upon him in the court below as a second offender against the Narcotics Law. See Sections 2550, 2553, 2557(b) (1), 2591(a) and 2596 of the Internal Revenue Code of 1939, Title 26 U.S.C. See also the Act of November 2, 1951, 65 Stat. 767, 21 U.S.C.A. § 174.

In the case at bar Rivera was charged in an indictment consisting of a single count with having sold two capsules of heroin in San Juan, Puerto Rico, on or about November 19, 1951. On January 24, 1952, he appeared in court, was duly arraigned and pleaded guilty. The imposition of sentence was postponed until February 8, 1952.

Section 2557(b)(1), Title 26 U.S.C., provides in pertinent part: "After con-

---

* Judge BIGGS, a circuit judge of the Third Circuit, was designated to sit in the Court of Appeals for the First Circuit by Mr. Chief Justice WARREN.

viction, but prior to pronouncement of sentence, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. * * *" Rivera contends that the information setting out his previous conviction was not "filed" at the time the sentence in the instant case was imposed upon him as a recidivist because the information is stamped "Received & Filed Feb 8 1952 Office Clerk U.S. Dist. Ct. San Juan, P.R. 5 P.M." He asserts, therefore, that he was illegally sentenced by the court in the instant case and that his sentence should be "corrected." No question of identity is presented.

Rivera's entire case is based upon what he alleges to have been the filing time of the information as to this previous conviction. He says that the time was 5 P.M. on February 8th. He states, and this is doubtless true, that at that hour on February 8th he was having his supper in prison. He is, however, merely quibbling. It appears from the certificate of the Clerk of Court that the sentencing of Rivera was taken up at or after 2 P.M. on Friday, February 8, 1952, and that there was before the court at that time an information relating to the prior conviction and sentencing of Rivera, and that it was the "usual custom * * * for the clerk to bring all papers back from the courtroom to the clerk's office, where the stamp is affixed on any document filed in open court." It also appears from the clerk's "Docket Entries," that the information charging Rivera with prior conviction of the Narcotics Law was filed and that a "Copy issued defendant," and that the "Defendant admits charge and affirms identity."

We need not pursue the matter further. We are convinced, as apparently was the court below, that in the information stating Rivera's former offense and conviction was before the court below prior to the sentencing in the instant case, that Rivera was fully aware of this fact and confessed his identity, and that whether the information was marked "filed" by the Clerk at the time it was before the court prior to sentence is immaterial. The better practice would, of course, be to have such a document marked at the time it was received by the Clerk, rather than stamping it at a later hour when the Clerk returns from court to her office. In any event the error is harmless, if error it was. See Rule 52(a), Fed.Rules Crim.Proc., 18 U.S.C., and Knight v. United States, 9 Cir., 225 F.2d 55, certiorari denied 1955, 350 U.S. 890, 76 S.Ct. 148.

The order of the court below denying Rivera's motion made pursuant to Section 2255, Title 28 U.S.C., is affirmed.