**UNITED STATES of America, Respondent-Appellee,**

v.

**James DUHART, Petitioner-Appellant.**

**Nos. 347–348, Docket 25217–25670.**

United States Court of Appeals Second Circuit.

Argued June 11, 1959.

Decided July 22, 1959.

---

3. See Schmidlapp v. Commissioner, supra.

**114**

Emily Marx, New York City, for petitioner-appellant.

David P. Bicks, Asst. U. S. Atty., for Southern District of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., George I. Gordon and Kevin Thomas Duffy, Asst. U. S. Attys., S.D. N.Y., New York City, on the brief), for respondent-appellee.

Before HINCKS and MOORE, Circuit Judges, and SMITH, District Judge.

HINCKS, Circuit Judge.

Duhart instituted the first of these proceedings by petition under 28 U.S.C. A. § 2255. This challenged the validity of his sentence in 1955 to ten years' imprisonment as a third offender against the narcotic laws, 21 U.S.C.A. § 174. His petition was denied and he appealed. Leave to appeal *in forma pauperis* was granted and counsel was assigned.

While that appeal was pending, Duhart's assigned counsel brought a second petition to test, under § 2255, the validity of the 1955 conviction underlying the allegedly illegal sentence which was the target of the first petition and to test, under the All-Writs Act, 28 U.S. C.A. § 1651(a), a 1949 conviction which was one of the bases for Duhart's 1955 sentence as a third narcotics offender. This petition was also dismissed. Leave to appeal *in forma pauperis* was granted by this court and the two appeals were consolidated for hearing.

We shall consider first the attacks upon the two convictions, since each is a basis for the 1955 sentence. At the outset, however, it must once again be stated that proceedings by way of 28 U.S.C.A. §§ 2255 or 1651(a) may not be used to correct errors which occurred during the course of the trial. United States v. Angelet, 2 Cir., 255 F.2d 383. Even alleged constitutional deprivations, if they did not infect the validity of the convictions now under attack, are irrelevant for purposes of these proceedings. We are forced to restate these elementary principles in order to define the target which is somewhat obscured by the smoke of the scattergun technique employed by appellant's counsel.

Essentially, Duhart seeks to widen the scope of attack upon these convictions to include pre-conviction errors by allegations that he was ineffectively represented by counsel, both in 1949 and 1955. We note, as did Judge Ryan, that no affidavit in support of this motion was

made by Duhart himself. Three affidavits were submitted: the first, by a co-defendant in 1949, who at that time pleaded guilty to the charge, but now protests her innocence; the second, by a friend, is of no probative value; and the third, by Duhart's present counsel, is obviously not based upon any personal knowledge of the facts. Duhart pleaded guilty to the 1949 charge. It is argued that he would have been acquitted, if advised to stand trial and given competent representation, because (1) the 1949 indictment charged possession of narcotics only, which is not a crime; (2) no narcotics were in fact found in his possession, the chemist's analysis showing the substance in question was Epsom Salts; and (3) in any case, the evidence was secured through an illegal search and seizure and should have been suppressed.

These contentions, in so far as they are based on matters of fact, are unsupported by affidavits of probative value; indeed, in part, they are contradicted by the record. In so far as they are based on claims of law, they are erroneous. The chemist's analysis showed a trace[1] of cocaine hydrochloride in the substance seized. No showing was made, beyond the conclusory allegation of counsel, that the search and seizure was illegal. Indeed, it appears that a valid search warrant had been issued covering the apartment in which the narcotics were discovered. And while it is true that "mere possession" of cocaine is not an offense under the statute, 21 U.S.C.A. § 174, this statute, on which the indictment is expressly laid, places on the defendant, once possession has been shown, the burden of explaining his possession to the satisfaction of the jury. See Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639. Even now, nothing is presented to us which suggests the existence of facts in 1949 whereby the defendant could have sustained this burden. In short, in 1949 the defendant was represented by a skilled and experienced member of the staff of the Legal Aid Society and we find in the record no basis whatever to sustain the contention that his representation was incompetent or ineffective. On the contrary, we think that his advice to Duhart, evaluated in the light of the facts of the case as now disclosed, was consonant with the highly conscientious standards of the Society. There was no flaw in the 1949 conviction.

■■ Nor is the 1955 conviction, after trial, subject to any greater vulnerability. Throughout that trial, Duhart was represented by a highly experienced member of the New York Bar, a lawyer of his own choosing. Duhart now maintains that another line of defense might have resulted in a judgment of acquittal. But even now, with the aid of hindsight, it is far from clear that the strategy now suggested would have been successful. And certainly, trial strategy, even if it proves unsuccessful, is inadequate basis for an attack on the competence of counsel. See United States v. Wight, 2 Cir., 176 F.2d 376, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586; Kyle v. United States, 2 Cir., 266 F.2d 670. We hold that there is no basis for the charge of inadequate representation during the 1955 trial.

Since each conviction must be upheld, we come to consider the claim of error raised by Duhart's first petition, relating to the sentencing. Both Duhart and his lawyer admitted several times during the course of the trial that he had two prior convictions for narcotics violations. At the end of the trial, Judge Ryan found Duhart guilty and on August 4, 1955 imposed the minimum mandatory sentence of ten years for third offenders set forth in the statute. 21 U.S.C.A. § 174. On the following day, it was discovered that no information had been filed, as required by 26 U.S.C.A. § 7237(c) (2). A second sentencing hearing was immediately held and Judge Ryan revoked the August 4th sentence. Thereupon an in-

---

1. In context a "trace" means not an inconsequential quantity but rather a quantity undetermined in amount.

formation was filed, and on August 5, 1955 the defendant was resentenced to the same minimum mandatory term, with the same recommendation that parole should be granted at the earliest eligibility date.

On this appeal, Duhart maintains that the first sentence, on August 4, 1955, was illegal, absent the information. He also argues that the District Court had no power to conduct the August 5 proceedings and that the resentencing exposed him to double jeopardy. Acceptance of these arguments would mean that the failure to file an information would prevent any sentencing at all, after a fair trial and a valid conviction. The law does not countenance such a bizarre result. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. In Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818, the judgment was corrected to bring the sentence into conformity with the mandatory minimum prescribed by statute.

We hold that the sentence of August 4 was not invalid for lack of the statutory information as to prior offenses. For the statute was intended to protect a defendant from the effect of prior offenses incorrectly charged. Here both Duhart and his lawyer had freely admitted the prior convictions in open court. Perhaps these admissions might be viewed as a waiver of the information. But at most, under these circumstances, the failure to file the information was harmless error. It was so held under an identically worded statute, in Knight v. United States, 9 Cir., 225 F.2d 55, certiorari denied 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784. See also Torres Rivera v. United States, 1 Cir., 232 F.2d 500. But if, contrary to our holding, the August 4th sentence was invalid because the multiple offender information had not been filed, we have no doubt that it lay within the power of the court to correct the deficiency in the record and resentence the defendant as was done. Bozza v. United States, supra.

Notwithstanding the vigorous prosecution of the pending motions by assigned counsel, for which the thanks of the court are due, we are satisfied that the appellant is entitled to no substantial relief and that, if the order in Docket 25217 be modified to provide for the reinstatement of the August 4th sentence, the sentence in effect will be in full compliance with the law.

It is accordingly ordered that the order of January 29, 1959, Docket No. 25670, be affirmed, and that the order of May 23, 1958, Docket No. 25217, be in part affirmed and in part be reversed and remanded with a direction to vacate the August 5th sentence and to reinstate the August 4th sentence.