**UNITED STATES of America,**
**Appellee,**

v.

**Ralph GARGUILO, Appellant.**

**No. 180, Docket 28395.**

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1963.

Decided Nov. 27, 1963.

Harry H. Voigt, New York City, for appellant.

Donald J. Cohn, Asst. U. S. Atty., Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., and John S. Martin, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

KAUFMAN, Circuit Judge.

After a trial before Judge Palmieri and a jury, Ralph Garguilo was convicted of counterfeiting, 18 U.S.C. § 474, and his conviction was affirmed by this court on appeal. 310 F.2d 249 (2d Cir. 1962). While still imprisoned, Garguilo sought to vacate his eighteen-month sentence under 28 U.S.C. § 2255 on the ground that trial counsel of his own choosing was grossly incompetent. Judge Palmieri found Garguilo's allegations to be "frivolous" and accordingly denied the motion to vacate without a hearing.

■ During the pendency of this appeal, Garguilo completed his sentence and was released from custody. The government thus seeks to dismiss the appeal for mootness. While we agree that Garguilo's release does render his § 2255 application moot, Parker v. Ellis, 362 U.S. 574, 575, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); United States v. Brilliant, 274 F.2d 618, 620 (2d Cir. 1960), we deem it proper to treat the petition as for a writ of error *coram nobis*, which is available even after release from custody. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Kyle v. United States, 288 F.2d 440 (2d Cir. 1961).

Before examining Garguilo's contentions of inadequate trial representation, it seems appropriate to consider the standards by which these allegations must be weighed. In United States v. Morgan, supra 346 U.S. at 511, 74 S.Ct. at 252, 98 L.Ed. 248, the Supreme Court emphasized that the "extraordinary" remedy of *coram nobis* is available "only under circumstances compelling such action to achieve justice." The writ, the Morgan court explained, is designed to correct errors "of the most fundamental character." 346 U.S. at 512, 74 S.Ct. at 253, 98 L.Ed. 248. Where inadequacy of counsel is alleged, moreover, independently stringent requirements have become well established. Thus we have held that relief may be obtained only when representation has been so woefully inadequate "as to make the trial a farce and a mockery of justice." United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). Errorless counsel is not required, and before we may vacate a conviction there must be a "total failure to present the cause of the accused in any fundamental respect." Brubaker v. Dickson, 310 F.2d 30, 39 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963).

■ When Garguilo's allegations are measured by these standards, they fall far short of entitling him to the relief sought. Apart from unsupported assertions that his attorney was inadequately prepared for trial, Garguilo concentrates his fire on three instances in which errors of judgment allegedly manifested the "incompetence" of his counsel. First, he complains that his attorney rejected his request to be placed on the stand; secondly, he asserts that his counsel conducted an inadequate cross-examination of a particular government witness; finally, he condemns his attorney for failing to call a specific witness who would allegedly have testified in Garguilo's behalf.

To place these objections in context, it is necessary to fill out some of the background of the trial. In so doing, we note that the evidence pointing to Garguilo's guilt was overwhelming. One Mario Villari, a co-defendant who pleaded guilty, testified that Garguilo urged him to collaborate in a counterfeiting operation. Villari was a printer, and he told the jury that Garguilo had furnished him with photographic negatives of a ten dollar bill, from which Villari made offset plates. The government then called Al-

bert Dellamonica who asserted that Garguilo had borrowed a camera especially designed for copying, and had requested that Dellamonica deny that this particular camera had been loaned. Additional evidence indicated that government agents had seized offset plates of a ten dollar bill from Villari's shop, and that Garguilo's fingerprints had been found on these plates.

Garguilo now asserts that he had spoken to Villari only about printing stationery containing photographs of postage stamps which he intended to sell to stamp dealers, and he denies ever suggesting or participating in a scheme to counterfeit currency. He claims that he would have testified to this effect if placed on the stand; that the uncalled witness would have confirmed Garguilo's intention to enter the stationery business; and that cross-examination of a government agent would have established that assorted paraphernalia for the photography of postage stamps were found in Garguilo's apartment at the time of his arrest.

We hardly consider such errors, if indeed they were errors at all, sufficient to warrant reversal. The decision whether to place a defendant on the stand in a criminal case is always a difficult one—indeed, probably the most difficult decision for a defendant and his counsel to make. Experienced trial counsel will often differ as to the wisdom of such a course in a particular case; varying answers are possible as the advantages of a defendant's testimony are weighed against the potential hazards of a vigorous cross-examination. Similarly, the advisability of calling particular witnesses or the value of extensive cross-examination are matters open to honest differences of opinion—especially where, as here, the evidence to be elicited would not have directly rebutted the strong case against the appellant.[1] Compare Bru-

baker v. Dickson, 310 F.2d 30 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963). It may well be that another attorney would have resolved these problems differently and that Garguilo would have profited by sounder advice. Yet this in no way suggests that he has been denied a fair trial, or that the errors of counsel were so outrageously incompetent as to shock the conscience of the court.

It thus seems clear that Garguilo is merely complaining of alleged tactical errors or mistakes in strategy, and for these we can grant no relief. United States v. Duhart, 269 F.2d 113 (2d Cir. 1959). Even assuming counsel to have erred in the respects alleged, the petition was properly denied. When reviewing cases charging incompetence of counsel, we are seeking to vindicate the most fundamental of rights. We are not conducting a seminar in trial procedures, at least where the tactics involved are those over which conscientious attorneys might differ. If Garguilo were to be afforded a hearing on the allegations presented here, our trial and appellate dockets would be swollen with incompetence of counsel cases. A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence. A long stretch in prison, furthermore, affords ample opportunity to reflect with twenty-twenty hindsight upon the tactical errors of one's attorney, and to point to those instances where a Clarence Darrow or even the defendant without counsel might have handled things a shade differently.

In the present case, finally, Garguilo confessed at sentencing to "the highest regard" for his attorney. In commenting upon the § 2255 motion below, Judge Palmieri remembered Garguilo's counsel as possessing "unusual skill and distinction." We are not convinced that both

---

1. Apparently, Garguilo also recognizes the perils of an extensive cross-examination. While complaining that the government agent was insufficiently cross-examined, he also charges that his counsel "cross-examined Villari at length * * * but succeeded only in retracing or reinforcing Villari's damaging testimony."

were mistaken, and we hold that the charge of inadequate representation has not been established.

We wish to commend assigned counsel Harry H. Voigt for his forceful presentation on Garguilo's behalf in this appeal.

The judgment is affirmed.