**Alphonso MORGAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 11544.**

United States District Court
D. Connecticut.

Feb. 14, 1967.

Frederick W. Danforth, Jr., New Haven, Conn., and Joseph M. Shortall, of New Haven Legal Assistance Association, for petitioner.

Jon O. Newman, U. S. Atty., Hartford, Conn., for respondent.

TIMBERS, Chief Judge.

Petitioner, a prisoner at the Federal Correctional Institution at Danbury and no stranger to this Court or the Court of Appeals,[1] has filed his third motion to vacate sentence pursuant to 28 U.S.C. § 2255, which motion, after due consideration, is denied.

Petitioner was indicted in this District on November 19, 1962 (together with co-defendants Harry Stein and Gerald Gerardi) on charges of conspiracy to violate, and violations of, the Mann Act, 18 U.S.C. §§ 371 and 2421. Upon a jury verdict of guilty, following an eight day trial, petitioner was sentenced on April

1. A Chronology of Relevant Proceedings is attached as an Appendix.

8, 1963 to concurrent four year terms of imprisonment on each of the three counts of the indictment.[2]

The Court of Appeals (Chief Judge Lumbard and Circuit Judges Waterman and Friendly) unanimously affirmed the judgments of conviction on February 10, 1964 in a per curiam opinion stating, inter alia, that "There was abundant evidence to support the verdict of the jury with respect to each of the defendants, his part in causing the transportation of the women from Connecticut to New York, and his knowledge of the purpose in such transportation." United States v. Harry Stein, Gerald Gerardi and Alfonso Morgan, 327 F.2d 657, 658 (2 Cir. 1964).

The Court of Appeals' affirmance of petitioner's conviction was the prelude to what has become a three-year deluge of motions, petitions, applications and proceedings of every description in this Court and in the Court of Appeals, including two previous § 2255 motions in this Court.

Petitioner's third and latest § 2255 motion raises the following claims:

(1) That he was denied effective assistance of counsel at trial.

(2) That his statement given to the FBI following his arrest (Govt. Ex. T) was erroneously admitted in evidence.

(3) That his statement (Govt. Ex. T) was the "fruit" of an illegal search and seizure by the Portchester Police Department.

## CLAIM OF DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

This claim was first raised by petitioner in a motion addressed to the Court of Appeals, after its affirmance of his conviction, requesting that he be relieved of assigned counsel and that new counsel be assigned to him, on the ground of allegedly improper and/or incompetent representation of petitioner by assigned counsel. This motion was denied by the Court of Appeals by an order entered April 17, 1964.

Petitioner then filed in the District Court on May 20, 1964 his first motion to vacate sentence pursuant to § 2255, alleging improper and/or incompetent representation of petitioner by assigned counsel. This motion was denied by the District Court by an order entered June 18, 1964 (a copy of which is attached as Exhibit A). Petitioner appealed this order to the Court of Appeals, pursuant to a notice of appeal filed August 25, 1964. The appeal is still pending, but has not been prosecuted.

■ The Court holds, accordingly, that petitioner's claim of denial of effective assistance of counsel is not open to him on the instant motion to vacate sentence. 28 U.S.C. § 2255, ¶5.

■ Even if such claim were open to petitioner, the Court would reject it upon the merits. Petitioner's present counsel, with commendable candor, concedes that petitioner's court-appointed trial counsel was familiar with the subject matter of the case and had talked to petitioner before he was appointed (Motion, p. 4); and that neither petitioner nor his court-appointed counsel complained in any way at the trial of such appointment or of the time schedule upon which the trial proceeded (Motion, p. 3). The undersigned, who presided at the trial of the case, based upon his observations of the conduct of court-appointed counsel with relation to petitioner, is satisfied that petitioner was effectively represented by counsel at every stage of the proceedings in the District Court.

## CLAIM OF ERRONEOUS ADMISSION OF PETITIONER'S STATEMENT TO FBI AFTER ARREST

This claim was raised in petitioner's second motion, filed in the District Court on September 16, 1964, to vacate sentence pursuant to § 2255, alleging that

2. Co-defendants Stein and Gerardi were sentenced to concurrent three year and five year terms, respectively.

the statement in question (Govt. Ex. T) was erroneously admitted in evidence because obtained from him in violation of his rights under the Fourteenth Amendment (due process) and the Sixth Amendment (right to counsel).

The Court issued an order to show cause on September 23, 1964 requiring the government to file a written response to petitioner's second § 2255 motion showing why it should not be granted or why an evidentiary hearing should not be held. Such response was filed by the government. Before the Court could act upon the second § 2255 motion, however, petitioner on October 23, 1964 filed in the District Court a habeas corpus petition raising again the subject matter of his second § 2255 motion. The Court thereupon, in the interest of orderly administration of justice, entered an order on November 16, 1964 (a copy of which is attached as Exhibit B) staying further post-conviction proceedings by petitioner in the District Court until 20 days after issuance of the mandate of the Court of Appeals upon petitioner's appeals then pending in the Court of Appeals, including his appeal from the District Court's order of June 18, 1964 denying his first § 2255 motion.[3]

Petitioner then filed in the Court of Appeals motions for bail and for leave to proceed in forma pauperis with respect to his appeals from the District Court orders of June 18, 1964 and November 16, 1964; these motions were denied by the Court of Appeals on June 11, 1965. In the meanwhile, petitioner on February 16, 1965 filed in the United States Supreme Court a motion for leave to file a petition for habeas corpus, presumably with respect to the District Court orders of June 18, 1964 and November 16, 1964; this motion was denied

by the Supreme Court on April 26, 1965. 380 U.S. 969.

Upon this record, it is questionable whether there is open to petitioner on the instant motion to vacate sentence his claim that his statement given to the FBI after his arrest was erroneously admitted at the trial.[4] Under all the circumstances, however, the Court will resolve in petitioner's favor any doubts as to whether this claim is open to him at this stage and will rule on its merits.

■ The Court holds there is no merit to petitioner's claim that his statement to the FBI was erroneously admitted at the trial, for the following reasons:

(i) Before the statement (Govt. Ex. T) was received in evidence at the trial, a full evidentiary hearing was held in the absence of the jury (Tr. 841–861). The objections to the statement raised in petitioner's instant motion were considered and specifically overruled at the time of trial (Tr. 859–861). The warrant pursuant to which petitioner was arrested was properly issued upon a finding of probable cause. United States v. Freeman, 358 F.2d 459 (2 Cir. 1966). Petitioner was fully advised of his constitutional rights before his statement was taken, including his right to consult counsel; and he did in fact telephone his lawyer before giving his statement (Tr. 841–842). It was undisputed that the statement was given voluntarily, there being no evidence of coercion or force (Tr. 860–861). And there was no unreasonable delay between petitioner's arrest and arraignment in violation of the prompt ar-

---

3. One reason for such stay was the practical impossibility of the District Court's acting intelligently upon successive applications by petitioner while the original papers in his case were in the Court of Appeals in connection with his successive appeals there pending.

4. Nor is this Court unmindful that it may be without jurisdiction to entertain peti-

tioner's third motion to vacate sentence since jurisdiction with respect to the claims here raised may well have been transferred by petitioner's notices of appeal to the Court of Appeals which to date has not issued any mandate. Cf. United States v. Mitchell, 354 F.2d 767, 769 (2 Cir. 1966).

raignment statutes (Tr. 859–860).

(ii) The statement was anything but a confession. As the Court noted in overruling the objection to its admission at the time of trial, "This statement . . . is at least as exculpatory with respect to Morgan on material issues in the case as it is incriminating." (Tr. 860).[5] Morgan did not take the stand at the trial.

(iii) If there was any error in the admission of petitioner's statement, such error presumably would have been raised on appeal. While this Court does not know whether any claim of error in this respect was urged on appeal, the opinion of the Court of Appeals affirming the convictions did note that "There was abundant evidence to support the verdict of the jury with respect to each of the defendants. . . ." 327 F.2d 657, 658.

CLAIM THAT PETITIONER'S STATEMENT TO FBI AFTER ARREST WAS "FRUIT" OF ILLEGAL SEARCH AND SEIZURE BY PORTCHESTER POLICE DEPARTMENT

This claim, while not raised in either of petitioner's first two § 2255 motions, was raised at the trial and was rejected by the Court (Tr. 865–873).

In short, petitioner claims that the FBI ascertained from the Portchester Police Department his name, address and the fact he was on the premises of the Blue Rail in Portchester on the night of October 29, 1962; that the Portchester Police entered the Blue Rail on the night in question without a warrant; and, therefore, that the statement given by petitioner to the FBI after his arrest was the "fruit" of an illegal search and seizure by the Portchester Police.

■ Leaving aside the fact, as conceded by petitioner's present counsel (Motion, p. 12), that the Portchester Police were authorized in the performance of their duties to enter the "retail licensed premises" of the Blue Rail where liquor was being sold (Alcohol Beverage Control Law, Section 106, ¶15), it surely does not follow from the facts alleged in petitioner's motion—even assuming arguendo an illegal entry by the Portchester Police—that such facts are sufficient to invoke the "fruit of the poisonous tree" doctrine as applied to petitioner's statement to the FBI. If any "primary taint" was involved, as alleged in the instant petition, it seems clear that the circumstances of petitioner's giving his statement to the FBI were such as to dissipate that taint. Nardone v. United States, 308 U.S. 338, 341 (1939); see Wong Sun v. United States, 371 U.S. 471, 487–488 (1963); cf. United States v. Drummond, 354 F.2d 132, 154 (2 Cir. 1965) (en banc), cert. denied, 384 U.S. 1013 (1966).

## CONCLUSION

If the Court has jurisdiction to entertain petitioner's third motion to vacate sentence,[6] the motion is denied without a hearing on the ground that the motion and the files and records of the case conclusively show that petitioner is entitled to no relief. 28 U.S.C. § 2255.

---

The Court expresses its appreciation to Frederick W. Danforth, Jr., Esq. and Joseph M. Shortall, Esq. of the New Haven Legal Assistance Association for extraordinarily competent legal services rendered to petitioner in preparing his instant motion to vacate sentence.

5. Petitioner's statement (Govt. Ex. T) concluded with the following paragraph:
"I want to state that I never gave the girls any money and I never transported them to Port Chester, N. Y. and I did not drive them back to Connecticut. I never received any money from either of the girls or from Harry Stein and I did not buy a ticket to the party."

6. Supra note 4.

APPENDIX

## CHRONOLOGY OF RELEVANT PROCEEDINGS

November 19, 1962 — Indictment returned, charging Stein, Gerardi and Morgan, in three counts, with violating 18 U.S.C. § 2421, and conspiracy to do so, in violation of 18 U.S.C. § 371.

February 5–19, 1963 — Jury trial occupying eight days  (WHT).

February 19, 1963 — Jury verdicts of guilty against all defendants on each of three counts.

March 11, 1963 — Concurrent sentences of five years imposed on Gerardi  (WHT).

April 8, 1963 — Concurrent sentences of three years and four years imposed on Stein and Morgan, respectively  (WHT).

February 10, 1964 — Court of Appeals unanimously affirmed convictions of three defendants, 327 F.2d 657 (JEL, SRW, HJF).

April 17, 1964 — Court of Appeals denied petitioner's motions to relieve assigned counsel, to appoint new counsel and to extend time for filing petition for rehearing  (JEL, SRW, HJF).

June 18, 1964 — District Court denied petitioner's first § 2255 motion to vacate sentence . (WHT).

August 13, 1964 — District Court denied petitioner's motions for leave to appeal in forma pauperis and for appointment of counsel re order of June 18, 1964; but permission granted to file notice of appeal and other papers without payment of filing fees  (WHT).

August 25, 1964 — Notice of appeal filed re District Court's order of June 18, 1964 denying petitioner's first § 2255 motion to vacate sentence.

September 16, 1964 — Petitioner's second § 2255 motion to vacate sentence filed in District Court.

September 22, 1964 — District Court entered order extending to November 12, 1964 petitioner's time to docket appeal and file record re his appeal from order of June 18, 1964 denying his first § 2255 motion to vacate sentence  (MJB).

September 23, 1964 — District Court issued order to show cause requiring government to file written response

why petitioner's second § 2255 motion should not be granted or why evidentiary hearing should not be held (WHT).

October 22, 1964 — Government's written response to petitioner's second § 2255 motion filed.

October 23, 1964 — Petitioner filed habeas corpus petition in District Court again raising subject matter of second § 2255 motion.

November 16, 1964 — District Court entered order staying further post-conviction proceedings by petitioner in District Court until 20 days after issuance of mandate of Court of Appeals upon petitioner's appeals then pending in Court of Appeals, including appeal from District Court's order of June 18, 1964 denying first § 2255 motion (WHT).

November 24, 1964 — Petitioner filed in Court of Appeals motions for bail and for leave to proceed in forma pauperis re his appeals from District Court orders of June 18, 1964 and November 16, 1964.

December 16, 1964 — Complete files in all *Morgan* cases sent by District Court to Court of Appeals at latter's request.

February 16, 1965 — Petitioner filed in United States Supreme Court a motion for leave to file petition for habeas corpus.

April 26, 1965 — United States Supreme Court denied petitioner's motion for leave to file petition for habeas corpus. 380 U.S. 969.

June 11, 1965 — Court of Appeals denied motions for bail (JEL, JJS, IRK) and for leave to proceed in forma pauperis (LPM, JJS, PRH).

July 26, 1966 — Petitioner's third § 2255 motion to vacate sentence filed in District Court.

August 19, 1966 — Motions to withdraw as counsel for petitioner filed by Frederick W. Danforth, Jr., Esq. and Charles Gill, Jr., Esq.; new appearance filed by Joseph M. Shortall, Esq. as counsel for petitioner (his fifth attorney in District Court).

EXHIBIT A

## ORDER DENYING PETITIONER'S FIRST MOTION TO VACATE SENTENCE

Petitioner Alphonso Morgan having been convicted after a jury trial of violations of 18 U.S.C. §§ 371 and 2421, as charged in a three count indictment returned November 19, 1962; and

Petitioner having been adjudged guilty and sentenced on April 8, 1963 to concurrent four year terms of imprisonment on each of the three counts of the indictment; and

Petitioner having appealed said judgment of conviction to the United States Court of Appeals for the Second Circuit and the Court of Appeals on February 10, 1964 having affirmed said judgment of conviction; and

The District Court on March 3, 1964 having received the mandate of the Court of Appeals issued upon affirmance of said judgment of conviction; and

The Court of Appeals on April 17, 1964 having denied petitioner's motions to relieve assigned counsel, to assign defendant new counsel and to extend defendant's time within which to file a petition for rehearing—said motions apparently being grounded on allegedly improper and/or incompetent representation of petitioner by assigned counsel; and

Petitioner, a prisoner at the Federal Correctional Institution at Danbury, Connecticut, on May 20, 1964 having filed, pursuant to 28 U.S.C. § 2255, a motion to vacate his sentence of imprisonment on the ground of alleged improper and/or incompetent representation of petitioner by assigned counsel, and, pursuant to 28 U.S.C. § 1915, a motion for leave to proceed in forma pauperis; and

The Court being of the opinion that defendant's motion to vacate his sentence should be denied without a hearing on the ground that said motion and the files and records of the case conclusively show that petitioner is entitled to no relief (28 U.S.C. § 2255) in that:

(1) Even if true, petitioner's allegations that assigned counsel rejected his request to be placed on the stand and that assigned counsel's cross-examination of a particular government witness was inadequate do not entitle him to the relief sought (United States v. Garguilo, 324 F.2d 795, 796 [2 Cir. 1963]); and

(2) Petitioner's allegation that testimony of a co-defendant was both "false" and "aided and abetted" by counsel which had been assigned to both petitioner and said co-defendant—said allegation apparently being based solely on: (a) counsel's advising petitioner against testifying, and (b) said co-defendant's having informed petitioner during the incarceration of both that counsel for both "had rehearsed him [co-defendant] the night before he was to take the witness stand, as to what testimony he would give"—is conclusionary, lacking the specificity of factual allegations in support thereof necessary to entitle petitioner to an evidentiary hearing (Rivera v. United States, 318 F.2d 606, 608 [9 Cir. 1963]); and

(3) Petitioner's other allegations do not disclose a performance by assigned counsel "so incompetent as to make the trial 'a farce or a mockery of justice', Stanley v. United States, 239 F.2d 765, 766 (9th Cir. 1956)" (Ibid); and it is clear that "accused persons are not guaranteed counsel who do not make mistakes." (Moore v. United States, 220 F.2d 198, 199 [D.C. Cir. 1955]; see United States v. Garguilo, supra at 797); therefore it is

ORDERED that petitioner's motion to vacate his sentence of imprisonment be, and the same hereby is, denied; and it is further

ORDERED that petitioner's papers may be filed in this Court without payment of the filing fee.

Dated at New Haven, Connecticut, this 18th day of June, 1964.

WILLIAM H. TIMBERS
United States District Judge

## EXHIBIT B

ORDER STAYING FURTHER PROCEEDINGS IN DISTRICT COURT PENDING DISPOSITION OF ALPHONSO MORGAN'S APPEAL FROM DISTRICT COURT ORDER OF JUNE 1S, 1964

The District Court on June 18, 1964 having entered an order (Exhibit A annexed hereto) denying petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255; and

Petitioner having submitted a Notice of Appeal dated August 3, 1964 from the said order of June 18, 1964, together with a motion in the District Court for leave to appeal in forma pauperis; and

The District Court, by an order entered August 13, 1964, having denied petitioner's motion for leave to appeal in forma pauperis but having allowed petitioner's Notice of Appeal and other papers to be filed in the District Court without payment of fee; and

Petitioner having submitted in the District Court a further Notice of Appeal dated August 21, 1964 from the order of the District Court entered August 13, 1964 denying his motion for leave to appeal in forma pauperis; and

This Court (Honorable M. Joseph Blumenfeld) on September 22, 1964 having extended petitioner's time to November 12, 1964 within which to docket the appeal and file the record—all with relation to petitioner's appeals from the District Court orders of June 18, 1964 and August 13, 1964; and

In the meanwhile, while said appeals were pending in the Court of Appeals, petitioner having submitted further papers in the District Court, viz:

(1) On September 16, 1964 a further motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255, together with a motion for leave to proceed in forma pauperis (with respect to said motions the District Court entered an order to show cause on September 23, 1964, returnable October 5, 1964);

(2) On October 23, 1964 a petition for a writ of habeas corpus, together with a motion for leave to proceed in forma pauperis (both of which relate to petitioner's papers submitted September 16, 1964);

and

The District Court being of the opinion that the orderly administration of justice requires that all proceedings in the District Court with relation to the papers submitted by petitioner on September 16, 1964 and October 23, 1964, together with all other proceedings in the District Court subsequent to the filing of petitioner's notices of appeal on August 13, 1964 and August 25, 1964 be stayed until final determination by the Court of Appeals of said appeals; it is

ORDERED that all post-conviction proceedings in the District Court by or on behalf of Alphonso Morgan, including all proceedings based upon the papers submitted in the District Court by Morgan on September 16, 1964 and October 23, 1964, as well as all proceedings based upon any further papers which said Morgan may file in the District Court, be, and the same hereby are, stayed until twenty (20) days after the receipt by the clerk of the District Court of the mandate of the Court of Appeals upon the appeals now pending in the Court of Appeals from the orders of the District Court entered June 18, 1964 and August 13, 1964.

Dated at New Haven, Connecticut, this 16th day of November, 1964.

WILLIAM H. TIMBERS
Chief Judge