**Alphonso MORGAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 11544.**

United States District Court
D. Connecticut.

Dec. 16, 1968.

Joseph M. Shortall, New Haven, Conn., for petitioner.

John Cassidento, Asst. U. S. Atty., New Haven, Conn., for respondent.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

Upon remand from the Court of Appeals, the District Court was directed to find whether "there was [any] conflict of interest in the presentation of Morgan's defense and Stein's defense by the same attorney or [whether] any conflict was so minimal that it could not have affected the result." [1]

After a hearing, the Court holds that the attorney appointed to represent Morgan was appointed not only with Morgan's consent but in response to Morgan's specific request; and that any resulting conflict of interest was so minimal as to be not prejudicial.

Accordingly, Morgan's third motion to vacate his sentence is again denied and his judgment of conviction will stand. [2]

## FACTS

The factual background of the offenses for which Morgan was indicted, tried, convicted by a jury and sentenced by the Court to 4 year concurrent terms of imprisonment, having been fully set forth in previous opinions of the Court of Appeals and of this Court, [3] will not be repeated here.

At the hearing held September 30, 1968 upon remand from the Court of Appeals, the District Court heard testimony of three witnesses: petitioner Morgan; Arnold Markle, former Assistant United States Attorney in charge of the Morgan trial (now State's Attorney for New Haven County); and Anthony G. Appicella, former Assistant United States Attorney. By stipulation it was agreed that the nonappearance at the hearing of Carl Turk, the attorney who represented both Morgan and Stein

1. Morgan v. United States, 396 F.2d 110, 114 (2 Cir. 1968).

2. As noted by the Court of Appeals, supra note 1, at 111, n. 1, Morgan has served 16 months of the 4 year concurrent sentences of imprisonment imposed upon him on April 8, 1963 following conviction by a jury on three counts of violating and conspiring to violate the Mann Act, 18 U.S.C. §§ 2421 and 371. He was released from parole on January 5, 1968 and was not subject to custody at the time of his latest hearing in the District Court on September 30, 1968 nor at the time of the decision of the Court of Appeals on May 21, 1968 remanding the case for a hearing in the District Court.

3. Morgan v. United States, supra note 1; United States v. Stein, Gerardi and Morgan, 327 F.2d 657 (2 Cir. 1964) (convictions of Morgan and two co-defendants affirmed on the merits); Morgan v. United States, 265 F.Supp. 779 (D. Conn.1967) (Morgan's third § 2255 motion denied).

at the trial, was beyond the control of either side.[4]

Morgan testified substantially as follows. His original counsel, Robert S. Friedman, had withdrawn from the case because of Morgan's inability to pay him.[5] According to Morgan's testimony, his relationship with Turk began in November 1962 when Stein took him to Turk's office in New York shortly after Morgan was indicted and released on bond in the instant case. He later contacted Turk when Friedman withdrew. Morgan denied at the hearing that he requested Turk to represent him; but Turk had stated to the Court that Morgan had made such a request and Morgan confirmed this when questioned by the Court at that time, although he testified at the hearing that he did so because he was unaware of his right to have the Court appoint counsel to represent him.

Arnold Markle testified that Morgan came to his office on December 17, 1962 and told him that Friedman was going to withdraw from the case; Markle advised Morgan against retaining either Turk or counsel for the third co-defendant to represent him; and he recalled telling Morgan that he would get caught in the middle, and that the Court would appoint counsel to represent him if he so requested. At a later conference between Markle and Morgan on January 7, 1963, the same advice was repeated; but Morgan informed Markle that he had retained Turk.

The transcript of the proceedings before the Court on January 7, 1963 (Government's Exhibit 1) reflects a colloquy between Morgan and the Court in which Morgan stated that Turk "will do something definite. He will represent me himself or he will see that I get some kind of counsel." In response to the Court's inquiry about his ability to pay Turk, Morgan stated, "I have to talk to Mr. Turk. He agreed to go along with me there"; Morgan added that he was able to pay the fee asked by Turk, and would not need court appointed counsel. The Court conditioned its granting of Friedman's motion to withdraw upon the filing of an appearance by substitute counsel.

Anthony Appicella's testimony in substance corroborated that of Markle. He recalled that Markle had told Morgan he could have court appointed counsel if he needed it; and he was absolutely certain that Markle had told Morgan it would be disadvantageous to have Turk represent him.

The Court of Appeals has indicated that upon this remand the District Court "should consider what the situation was at the time of Turk's appointment as Morgan's attorney, what the reasons were for making that appointment, and why those concerned made no objection", including whether "Morgan knowingly ac-

---

4. Separate subpoenas had been issued for Turk at different addresses but service could not be made. It was also noted that he had been disbarred. See Matter of Turk, 25 A.D.2d 255 (1st Dept. 1966).

5. The file, however, contains a letter from Friedman dated December 26, 1962, requesting leave to withdraw due to a conflicting appearance before the New York Court of Appeals. Since the Court of Appeals for the Second Circuit noted that the reason the District Court permitted Friedman to withdraw on the eve of trial "is not clear from the record", 396 F.2d at 112, this Court wishes to make clear that it already had considered Friedman's letter of December

26, 1962, and the request made by Morgan at the hearing on January 7, 1963 (Government Ex. 1, discussed more fully hereinafter) long before it appointed Turk to represent Morgan on February 5, 1963. Contrary to the impression left with the Court of Appeals by the incomplete record before it, Friedman was not allowed to withdraw as counsel and leave Morgan without representation on the eve of trial. Rather, " . . . the withdrawal of Mr. Freedman (sic) [was to] be effective only upon the filing of an appearance by substitute counsel, be it Mr. Turk or anyone else engaged by Mr. Morgan. . . . " (Government Ex. 1 at 5).

cepted whatever risks were involved in having both defenses presented by the same attorney." 396 F.2d at 112.

The Court finds that the entire record makes it abundantly clear that Turk was appointed to represent Morgan not only with Morgan's consent but in response to Morgan's specific request; and that Morgan's insistence upon being represented by Turk followed unequivocal advice to Morgan, on two separate occasions, by the Assistant United States Attorney in charge of the case concerning the risks involved in being represented by an attorney for a co-defendant.

The Court's finding is based upon the record of the evidentiary hearing held September 30, 1968, as well as upon the entire record of prior proceedings in the case, judicial notice of which has been taken at the request of all counsel at the September 30 hearing. It is worthy of note that the entire record of prior proceedings was not before the Court of Appeals at the time of its decision of May 21, 1968, 396 F.2d 110.[6] Specifically, the four page transcript of proceedings before the District Court on January 7, 1963, which bears strongly upon the issues before the Court on the instant remand, was not before the Court of Appeals. This transcript is attached as Appendix A to the instant memorandum of decision.

The Court's findings upon remand may be summarized briefly as follows:

(1) On January 7, 1963, Morgan's original counsel, Robert S. Friedman, withdrew from the case not because of Morgan's inability to pay but because he was scheduled to argue before the New York Court of Appeals.

(2) Morgan knew of Friedman's impending withdrawal as early as December 17, 1962, at which time he spoke with Assistant United States Attorney Markle and indicated a desire to be represented by Turk.

(3) At the December 17, 1962 meeting, and at a subsequent meeting with Markle on January 7, 1963, Morgan was told that representation by counsel for a co-defendant would leave Morgan in the middle and that the Court would appoint separate counsel to represent him if he so requested.

(4) In proceedings before the Court on January 7, 1963, Morgan stated that he no longer desired the Court to appoint counsel since Turk himself was going to represent him, or Turk would obtain counsel for him. Morgan stated that Turk agreed to "go along with me" on the matter of a fee and that Morgan was able to pay it. Thus, Morgan informed the Court that he no longer needed court appointed counsel.

(5) In proceedings before the Court on February 5, 1963, the Court again asked Morgan if he wished to have Turk represent him. Morgan replied in the affirmative and said that he no longer desired court appointed counsel and that he had sufficient funds to pay Turk. He recognized that Turk was already representing the co-defendant Stein in the same litigation.

(6) Accordingly, the Court's "appointment" of Turk to represent Morgan was in compliance with Morgan's own express request as to the particular attorney he wished to represent him—a request upon which Morgan insisted despite ample warnings given him of the risks involved.

(7) Any conflict of interest by reason of Morgan's being represented by the same attorney who represented a co-defendant was so minimal that it could not have affected the result.

## CONCLUSIONS

### I

Although the Court of Appeals regarded petitioner's instant motion as one for relief under 28 U.S.C. § 2255 and not under coram nobis provisions even though

---

6. This Court has pointed out before in the instant case the difficulties involved in attempting to act intelligently upon a fragmented record. Morgan v. United States, 265 F.Supp. 779, 781 & n. 3 (D. Conn.1967).

at the time of the Court of Appeals' decision Morgan had been released from custody, Morgan v. United States, 396 F.2d 110, 111 n. 1 (2 Cir. 1968), it did so because "at the time this appeal was heard the appellant had not yet been released from custody." Whether this factor was intended to control subsequent proceedings after remand need not be decided, for even under the less stringent requirements of § 2255 petitioner is not entitled to relief.

The evidence clearly establishes that Morgan made "an intentional relinquishment or abandonment of a known right or privilege," Johnson v. Zerbst, 304 U.S. 458, 464 (1938), (see Miranda v. Arizona, 384 U.S. 436, 475 (1966)), when he rejected the Court's offer to appoint separate counsel for him and requested that Turk be appointed instead. In requesting the Court to appoint Turk to represent him, Morgan in effect placed himself in a position comparable to that of an individual who retains joint counsel with a co-defendant from the inception of the proceedings. In the latter situation, as in the case at bar, the choice of the individual should not be disturbed, absent facts which might call to the Court's attention the individual's inability to make a free choice. In United States v. Paz-Sierra, 367 F.2d 930 (2 Cir. 1966), cert. denied, 386 U.S. 935 (1967), defendant claimed that his joint representation by counsel for a co-defendant violated his right to counsel. Relying on United States v. Dardi, 330 F.2d 316, 335 (2 Cir.), cert. denied, 379 U.S. 845 (1964), rehearing denied, 379 U.S. 986 (1965)—a case in many ways more difficult than the instant one since there the trial court *of its own initiative* had appointed counsel already representing one defendant to represent a co-defendant—Judge Moore recognized the inherent difficulty in requiring a trial court to make an affirmative determination that a defendant has intelligently chosen to be represented by the same attorney as his co-defendant. In the instant case, no conflict of interest was apparent to the Court at the time of trial, and none is now apparent, for the reasons discussed below.

## II

In United States v. Garguilo, 324 F.2d 795 (2 Cir. 1965), defendant contended that he had been represented inadequately at trial, specifying his counsel's failure to put him on the stand, inadequate preparation for trial, inadequate cross-examination of a particular government witness, and failure to call a favorable witness. In passing on these allegations, although in the context of a coram nobis proceeding, the Court of Appeals recognized certain principles applicable to the instant proceeding, even if this is regarded as one under § 2255:

"We hardly consider such errors, if indeed they were errors at all, sufficient to warrant reversal. The decision whether to place a defendant on the stand in a criminal case is always a difficult one—indeed, probably the most difficult decision for a defendant and his counsel to make. Experienced trial counsel will often differ as to the wisdom of such a course in a particular case; varying answers are possible as the advantages of a defendant's testimony are weighed against the potential hazards of a vigorous cross-examination. Similarly, the advisability of calling particular witnesses or the value of extensive cross-examination are matters open to honest differences of opinion—especially where, as here, the evidence to be elicited would not have directly rebutted the strong case against the appellant. Compare Brubaker v. Dickson, 310 F.2d 30 (9 Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963). It may well be that another attorney would have resolved these problems differently and that Garguilo would have profited by sounder advice. Yet this is no way suggests that he has been denied a fair trial, or that the errors of counsel

were so outrageously incompetent as to shock the conscience of the court." 324 F.2d at 797.

■ In the light of this standard, and on the facts of the instant case, it appears, as in *Garguilo*, that Morgan "is merely complaining of alleged tactical errors or mistakes in strategy, and for these we can grant no relief. United States v. Duhart, 269 F.2d 113 (2 Cir. 1959)." Id.

■ Thus, if there were any conflict of interest, it was brought about by Morgan's affirmative and knowing actions; moreover, such alleged conflict was not prejudicial and does not justify vacating his conviction. This case is distinguishable from United States ex rel. Williamson v. LaVallee, 282 F.Supp. 968 (E.D.N. Y.1968), where a crucial factor was that petitioner's attorney had represented conflicting interests without petitioner's knowledge and assent.

This Court has considered the situation at the time of Turk's appointment: Turk was appointed in response to the previous request by Morgan at a time no foreseeable prejudice was known to the Court. No objection was made because such appointment accorded with Morgan's wishes. This is a case "where with full knowledge of the facts the defendant [himself] request[ed] to be represented by the same counsel", Morgan v. United States, supra note 1, at 114, and the alleged conflict of interest, if any, "was so minimal that it could not have affected the result". Id.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

### ORDER

Ordered that petitioner's third motion to vacate sentence pursuant to 28 U.S.C. § 2255 be, and the same hereby is, again denied.

### APPENDIX A

Government Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Vs.<br><br>ALFONSO MORGAN, et al.,<br><br>Defendants. | CRIMINAL NO. 10,779 |

MONDAY, JANUARY 7, 1963

NEW HAVEN, CONNECTICUT

BEFORE:
HON. WILLIAM H. TIMBERS, U.S.D.J.

Appearances:

ARNOLD MARKLE, Assistant U. S. Attorney
New Haven, Connecticut

MR. MARKLE: This is Mr. Morgan here for the record, if the Court please.

Mr. Morgan appears pro se at this time although I believe there was a motion filed and I believe he was served with a subpoena—I am sorry, if the Court please, he was served with a Motion and Affidavit in this matter and he turned this over to me in open Court and I would pass it up for the Court's perusal.

THE COURT: What has been handed up is a copy of the notice of motion and supporting affidavit, the originals of which were filed in this Court December 28th, 1962, being a motion by Mr. Friedman for permission to withdraw as counsel for defendant Alfonso Morgan.

The record will note that Mr. Morgan has received a copy of this motion and affidavit, which he has submitted here.

I take it, Mr. Morgan, that you want the Court to appoint counsel to represent you?

MR. MORGAN: I did, but since noontime there is a possibility that Mr. Turk might represent me, which I called him. I thought he might be here.

THE COURT: Mr. Turk is the lawyer who represents Mr. Stein?

MR. MORGAN: Right.

THE COURT: Have you talked to Mr. Turk?

MR. MORGAN: I talked to him this afternoon.

THE COURT: Is he here?

MR. MORGAN: No.

THE COURT: He is in New York?

MR. MORGAN: Yes.

THE COURT: When will you know whether Mr. Turk will be in a position to represent you?

MR. MORGAN: He will do something definite. He will represent me himself or he will see that I get some kind of counsel.

THE COURT: I am aware that you are not represented here by counsel at this moment, Mr. Morgan. I don't want to pressure you beyond the immediate thing that I am concerned with, and that is, that you should be represented by counsel either of your own choice preferably or by Court appointed counsel. As long as there is any reasonable likelihood of your obtaining privately engaged counsel, that you hire your own lawyer, I would prefer it to be done that way.

I am concerned, however, that this not hold up the forward progress of this case.

May I ask, Mr. Markle, when you will expect to be reached for trial?

MR. MARKLE: I would be ready as soon as these motions are disposed of. Within say a week because I would have to issue subpoenaes, but reasonably within a week after the disposition of motions I would be ready to go forward, if the Court please.

THE COURT: Let me just ask you, since you are here, Mr. Morgan, are you able to retain your own lawyer, do you have the funds with which to engage a lawyer?

Mr. MORGAN: I have to talk to Mr. Turk. He agreed to go along with me there.

THE COURT: Mr. Turk has agreed to represent you for a fee and you are able to pay the fee that Mr. Turk has asked, are you?

MR. MORGAN: That's right.

THE COURT: So that you do not need Court appointed counsel?

MR. MORGAN: That's right, sir.

THE COURT: On the motion by Mr. Friedman for permission to withdraw as counsel for Mr. Alfonso Morgan, the Court will grant that motion upon the conditions:

First, that the withdrawal of Mr. Friedman be effective only upon the filing of an appearance by substitute counsel, be it Mr. Turk or anyone else engaged by Mr. Morgan; and, secondly, the second condition of the granting of this motion is that the allowing of substitute counsel to appear in place of Mr. Friedman to represent Mr. Morgan shall not in any way whatsoever interfere with the early trial of this case which, in the view of this Court, should be brought to

trial at the earliest possible date since one of the defendants, as I understand it, is incarcerated.

That disposes of this motion and you are now excused, Mr. Morgan, as far as this motion in Court today is concerned.