## GABLE v. UNITED STATES.
### No. 5700.

Circuit Court of Appeals, Seventh·Circuit.

July 24, 1936.

Ode L. Rankin and Dante J. Taddeucci, both of Chicago, Ill., for appellant.

Michael L. Igoe, U. S. Atty., and Martin Ward and John J. Moreschi, Asst. U. S. Attys., all of Chicago, Ill.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

This is an appeal from a conviction upon nine counts of an indictment charging receiving, concealing, and disposing of stolen government bonds, and one count charging conspiracy to transport in interstate commerce such bonds and to receive the same knowing the same to have been stolen. Defendants other than appellant were convicted, but perfected no appeal.

The first six counts of the indictment charge violation of U.S.C.A., title 18, § 415, as follows: "Whoever shall transport or cause to be transported in interstate or foreign commerce any goods, wares, or merchandise, securities, or money, of the value of $5,000 or more theretofore stolen or taken feloniously by fraud or with intent to steal or purloin, knowing the same to have been so stolen or taken, shall be punished by a fine of not more than $10,000 or by imprisonment for not more than ten years, or both."

Counts 7 to 15, inclusive, are based upon section 416, as follows: "Whoever shall receive, conceal, store, barter, sell, or dispose of any goods, wares, or merchandise, securities, or money, of the value of $5,000 or more, or whoever shall pledge or

accept as security for a loan any goods, wares, or merchandise, or securities of the value of $500 or more which, while moving in or constituting a part of interstate or foreign commerce, has been stolen or taken feloniously by fraud or with intent to steal or purloin, knowing the same to have been stolen or taken, shall be punished by a fine of not more than $10,000 or by imprisonment of not more than ten years, or both."

Count 16 charges that appellant and others conspired to commit each of the offenses named in each of the other counts.

 The evidence showed that seven government bonds were procured by fraud or stolen by persons other than appellant, in Wyaconda, Mo., on October 30, 1934; that they were thereafter transported by the same parties to Chicago; that upon arrival in Chicago they were taken to appellant for sale, the owners' express authorization to make sale having been obtained by fraud and duress. Appellant attempted to sell the bonds, but the authorities interfered and the indictment followed. Appellant never went to Missouri. There is no evidence that he knew of the project to procure illegally these bonds, or that he knew that they were so procured, or in any way had anything to do with them until they reached Chicago.

In this situation the court rightfully directed a verdict of not guilty of counts 1 to 6.

Appellant contends that counts 7 to 15, inclusive, charge no offense under section 416, and that there is no evidence of violation of said section by himself. It will be observed that guilt under section 416 is limited to one who receives property "which, while moving in or constituting a part of interstate or foreign commerce, has been stolen." Congress has seen fit to impose this limitation upon the offenses created by the statute. In this respect the act differs from the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408 which makes criminally liable any person who receives a stolen automobile which is a part of interstate commerce, knowing the same to have been stolen. Under the act here relied upon, the receiver is not guilty unless the property which he receives has been stolen while moving in or constituting a part of interstate commerce. In the present case the property received by appellant was not stolen while moving in such commerce. Rather it was stolen in the state of Mis-

souri, thereafter transported to Chicago, and then delivered to appellant. Consequently, there is no proof of guilt under section 416.

Nor is there any proof of conspiracy upon the part of appellant to transport in interstate commerce stolen property. The record is devoid of any evidence that appellant had any understanding or agreement, tacit or otherwise, looking toward the stealing of the bonds, transportation of the same, or delivery of the same after transportation. The only proof is that after the bonds had been stolen and transported and delivered to him, he agreed, for a commission, to dispose of the same. This is not proof of the conspiracy charged. With what his guilt may be under the statute of Illinois governing criminal offenses, we are not concerned. There being no evidence of a commission of a federal crime, the judgment is reversed.