## UNITED STATES v. CRIMMINS.

### No. 29.

Circuit Court of Appeals, Second Circuit.

Nov. 3, 1941.

272

Roger O. Baldwin, of Syracuse, N. Y., for appellant.

Mathias F. Correa, U. S. Atty., and John C. Walsh, both of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The accused in this case was convicted of a conspiracy to transport stolen securities in interstate commerce § 415, Title 18, U.S.C.A. The prosecution proved that nine of the ten persons indicted had been carrying on a joint enterprise in the City of New York of disposing of stolen bonds, some of which were stolen in other states. Crimmins was the tenth defendant, and all ten (except one, Sonking, who had died) either pleaded guilty, or were convicted. Crimmins and two others appealed, but he alone has prosecuted the appeal to a conclusion. He was a lawyer practicing in Syracuse; his only contact with the rest was through one of them, Mahler, who lived in New York. (Another, Koch, did indeed swear that he had visited Crimmins, and Mahler swore that Sonking also had visited him; but for the purposes of this appeal these interviews may be disregarded.) Mahler went several times from New York to Syracuse, and offered stolen bonds to Crimmins, which Crimmins bought under circumstances which justified the jury in concluding, as they did, that he knew that they had been stolen. The record is, however, entirely bare of evidence that Crimmins knew the place of any of the thefts, and if it was necessary to prove that he knew that his confederates were fetching stolen bonds into the state, the prosecution failed to make out a case.

Ordinarily one is not guilty of a crime unless he is aware of the existence of all those facts which make his conduct criminal. That awareness is all that is meant by the mens rea, the "criminal intent", necessary to guilt, as distinct from the additional specific intent required in certain instances (Reynolds v. United States, 98 U.S. 145, 167, 25 L.Ed. 244), and even this general intent is not always necessary. Sometimes, as for example in

"felony murder", a man may be guilty who has no such awareness; the fact that one has engaged in a felony dispenses with the need of proving an intent to kill. Again, in "statutory rape" the accused need not know that the victim is below the age of consent; he takes his chances (Commonwealth v. Murphy, 165 Mass. 66, 42 N.E. 504, 30 L.R.A. 734, 52 Am.St.Rep. 496; People v. Marks, 146 App.Div. 11, 130 N. Y.S. 524); and in prosecutions for adultery he need not know that the other party is married—at least not unless he in good faith marries her, State v. Audette, 81 Vt. 400, 70 A. 833, 18 L.R.A.,N.S., 527, 130 Am.St.Rep. 1061, in such cases the accused's conduct is independently immoral or unlawful, and that casts upon him the risk that that element of the crime of which he is ignorant may in fact exist. In many venial offences also, such as breaches of municipal ordinances, one may be guilty who is ignorant of some of the operative facts. We need not decide whether a person who has any hand in moving about bonds which he knows to have been stolen, must also be shown to have known that they are moving across a state line, in order to be guilty under § 415 of Title 18. Conceivably his guilty knowledge of their acquisition may be enough; the Eighth Circuit has indeed held otherwise (Davidson v. United States, 61 F.2d 250) in the case of a statute closely akin; but, arguendo, we will assume the contrary. If so, a verdict of guilty on the substantive count could have stood, because a jury might have found that by making a market for the bonds, Crimmins furnished an inducement to Mahler and Mahler's confederates to bring stolen bonds into New York; i. e. that de facto, he had "caused" them "to be transported in * * * interstate commerce."

 But it does not follow, because a jury might have found him guilty of the substantive offence, that they were justified in finding him guilty of a conspiracy to commit it. Courts do indeed say that each conspirator is chargeable with the acts of his fellows done in furtherance of the joint venture; but into that must be read the condition that acts so imputed must be in execution of the venture as all understand it; not indeed in its details, but so far as concerns those terms which constitute the substantive crime. It is never permissible to enlarge the scope of the conspiracy itself by proving that some of

the conspirators, unknown to the rest, have done what was beyond the reasonable intendment of the common understanding. Langer v. United States, 8 Cir., 76 F.2d 817, 826, 827; Fulbright v. United States, 8 Cir., 91 F.2d 210, 213, 214; McLeroy v. State, 120 Ala. 274, 25 So. 247; Powers v. Commonwealth, 110 Ky. 386, 61 S.W. 735, 63 S.W. 976, 53 L.R.A. 245; Gabbard v. Commonwealth, 193 Ky. 460, 236 S.W. 942. Cf. Neal v. United States, 8 Cir., 102 F.2d 643, 648. And this is equally true, when the crime which the conspirators have agreed upon, is one of which they severally might be guilty though they were ignorant of the existence of some of its constituent facts. While one may, for instance, be guilty of running past a traffic light of whose existence one is ignorant, one cannot be guilty of conspiring to run past such a light, for one cannot agree to run past a light unless one supposes that there is a light to run past.

 In the case at bar it might have been an implied term of the agreement that Crimmins should take bonds coming from any source; if it had been, he could have been found guilty of the conspiracy, for such an agreement would have dealt with the place of the theft, even though it did no more than provide that the place made no difference. A continued indifference to the source of the bonds, coupled with knowledge that in some cases they had come from beyond the state, would have been evidence of such an agreement. But that was not the situation; so far as appears, Crimmins had no reason to suppose that any of the bonds he bought had been stolen in other states, and the place of their theft was not an implied term between him and Mahler, not even to the extent of expressing his complaisance; the conspiracy simply did not include that element of the crime. The jury might have indeed concluded that if he had known that they came from outside the state, it would have made no difference in his conduct; but that is not enough; it would be no more than to say that he would have been willing to make an agreement which in fact he did not make. We are in entire accord with the Seventh (Gable v. United States, 84 F.2d 929) and Eighth Circuits (Linde v. United States, 13 F.2d 59; Davidson v. United States, supra, 61 F.2d 250) that there can be no conspiracy to "cause" stolen securities "to be transported in interstate * * * commerce" unless it is

274

understood to be a part of the project that they shall cross state lines.

Judgment reversed; new trial ordered.