"Judge Timbers found that the very crime of which the defendants were con-

**UNITED STATES of America**

v.

**Ralph "Whitey" TROPIANO, William P. Grasso and Lawrence R. Pellegrino.**

**Crim. No. 12201.**

United States District Court
D. Connecticut.

Dec. 11, 1968.*

See also, D.C., 284 F.Supp. 477; 296 F.Supp.280.

J. Daniel Sagarin and John Cassidento, Asst. U. S. Attys., New Haven, Conn., for the United States.

Howard A. Jacobs, of Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., for defendant Tropiano.

victed involved violence and threats, particularly against Caron, the government's principal witness—and the record contains testimony substantiating these threats. Considering all the circumstances, and the substantial sentence now facing these defendants, we do not believe Judge Timbers abused his discretion or that his findings of November 20, 1968 and December 11, 1968, indicating that these defendants were a threat to the community, were erroneous."

Mr. Justice Harlan, Circuit Justice, denied bail pending appeal on January 18, 1969.

Ira B. Grudberg, of Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., for defendant Grasso.

Joseph Biafore, Jr., of Meuser, Gentile & Biafore, Bridgeport, Conn., for defendant Pellegrino.

## MEMORANDUM OF DECISION AND ORDER THAT DEFENDANTS BE HELD WITHOUT BOND PENDING APPEAL

TIMBERS, Chief Judge.

The Court, at the time of sentencing defendants on December 9, 1968, ordered that each defendant be held without bond pending appeal pursuant to 18 U.S.C. § 3148.

The purpose of this memorandum of decision is to set forth the Court's findings of fact and conclusions of law in support of its order that defendants be detained pending appeal—specifically, in support of the Court's holding, pursuant to 18 U.S.C. § 3148, that the Court "has reason to believe that no one or more conditions of release [specified in 18 U.S.C. § 3146(a)] will reasonably assure that the [defendants] will not flee or pose a danger to any other person or to the community."

On November 20, 1968, the Court filed a memorandum of decision, 296 F.Supp. 280, setting forth its findings of fact and conclusions of law in support of its order that defendants be held without bond after their conviction by the jury and pending imposition of sentence. This order was affirmed by the Court of Appeals on December 2, 1968 (JEL, HJF and SJR).

The instant memorandum of decision is intended to bring up to date the Court's earlier findings and conclusions set forth in its memorandum of decision of November 20, 1968; such earlier findings and conclusions will not be repeated here but will be considered incorporated herein by reference. This is in accordance with the suggestion of counsel for all parties at the time of sentencing.

## FINDINGS OF FACT

(1)–(17) Paragraphs (1) through (17) of the findings of fact set forth in the Court's memorandum of decision of November 20, 1968, 296 F.Supp. 280, are hereby made paragraphs (1) through (17) of the instant findings of fact.

(18) Following presentence investigations and reports, defendants were sentenced on December 9, 1968. Tropiano was sentenced to concurrent 12 year terms of imprisonment (a) on count one of the indictment which charged extortion or attempted extortion by the wrongful use of threatened force, violence and fear, 18 U.S.C. § 1951, and (b) on count four which charged conspiring so to do, 18 U.S.C. § 1951; he also was fined $10,000 on count one. Grasso was sentenced to concurrent 10 year terms of imprisonment on counts one and four; he was fined $7500 on count one. Pellegrino was sentenced to an 8 year term of imprisonment on count one; he was fined $5000 on count one.

(19) At the time of sentencing, the Court recommended that defendants be incarcerated in penitentiaries not in or near the State of Connecticut and that defendants be incarcerated in separate penitentiaries.

(20) A notice of appeal was filed on behalf of all three defendants on December 9, 1968.

(21) The presentence investigations and reports confirmed the records of prior convictions of defendants referred to in paragraph (13) of the Court's memorandum of decision of November 20, 1968, 296 F.Supp. 280. In addition, at the direction of the Court, the probation officer obtained and attached to the presentence report furnished to the Court with respect to each defendant certified copies of all judgments of conviction.

(22) During the course of the presentence investigation, defendant Tropiano, at two separate interviews, stated to the probation officer that he would not serve a lengthy sentence of im-

prisonment and would take his own life rather than being imprisoned.

## CONCLUSIONS OF LAW

(1) The Court is authorized to order that defendants, who have been convicted and have filed notices of appeal, be detained without bond pending appeal. 18 U.S.C. § 3148.

(2) The Court has reason to believe that no one or more conditions of release [specified in 18 U.S.C. § 3146(a)] will reasonably assure that defendants will not flee or pose a danger to any other person or to the community. 18 U.S.C. § 3148.

(3) The Court accordingly orders that defendants Ralph "Whitey" Tropiano, William P. Grasso and Lawrence R. Pellegrino be detained without bond pending their appeals from their judgments of conviction entered in this Court on December 9, 1968. 18 U.S.C. § 3148.

## OPINION

The Court incorporates herein by reference, and without repeating, the opinion set forth in its memorandum of decision of November 20, 1968, 296 F. Supp. 280.

The same record of sworn testimony, which the Court believed on November 20, 1968 amply demonstrated that each of the defendants posed a distinct danger to other persons and to the community, likewise supports the risk of danger ground of the instant order that each defendant be held without bond pending appeal pursuant to 18 U.S.C. § 3148.

Furthermore, the risk of danger ground of the Court's earlier order has been affirmed by the Court of Appeals on December 2, 1968.

The instant order that defendants be held without bond pending appeal is based upon the existence of a risk of flight in addition to the existence of a risk of danger. Detention pending appeal is authorized on either or both grounds by 18 U.S.C. § 3148. The risk of flight ground for the instant order is believed to be justified by the substantial sentence of imprisonment which has been imposed upon each defendant; by the record on the full hearing of motions by Tropiano and Grasso to reduce their bail at an earlier stage of the proceedings in this case [1]; and, in the case of Tropiano, by his recent statements to a probation officer of this Court that he would not serve a lengthy sentence of imprisonment but would take his own life rather than doing so.

At the time of sentencing on December 9, 1968, the government urged as an additional ground for detaining defendants without bond that the appeals would be frivolous. For substantially the same reasons as I stated in a previous case [2], I do not believe that a finding that the appeals would be frivolous is either necessary or appropriate as a ground for the instant order. What I said in *Ursini*, supra note 2, at 998, is equally applicable here:

"A finding by the trial court that the appeals would be frivolous, moreover, strikes me as being inappropriate under all the circumstances of this particular case; it is sufficient, in my view, to have indicated in the findings the jury questions squarely presented by the essential evidence against each defendant. Having done so, I believe it is more appropriately within the competence of a reviewing court, than of the trial court, to judge, for purposes of bail, the degree of substance presented by the appeals—if indeed such determination is required."

---

1. See United States v. Devlin, Tropiano and Grasso, 284 F.Supp. 477, 479–80 (D.Conn.1968).

2. United States v. Ursini and Capaldo, 276 F.Supp. 993, 998 (D.Conn.1967) (government's motion that defendants be held without bond pending appeal granted; Court of Appeals denied bail pending appeal on November 29, 1967).

## ORDER

ORDERED that defendants Ralph "Whitey" Tropiano, William P. Grasso and Lawrence R. Pellegrino be detained without bond pending their appeals from their judgments of conviction entered in this Court on December 9, 1968, pursuant to 18 U.S.C. § 3148.