**Ralph Whitey TROPIANO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 14157.**

United States District Court,
D. Connecticut.

Feb. 26, 1971.

See 418 F.2d 1069; 296 F.Supp. 284;
296 F.Supp. 280; 284 F.Supp. 477.

Anthony J. LaSala, New Haven,
Conn., for petitioner.

Stewart H. Jones, U. S. Atty., and Leslie Byelas, Asst. U. S. Atty., New Haven,
Conn., for respondent.

TIMBERS, Chief Judge.

## QUESTIONS PRESENTED

Petitioner Tropiano's motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (1964), presents the questions (1) whether the refusal of counsel for co-defendant Grasso *to permit Grasso to testify* at the trial (assuming arguendo the truth of such allegation) *denied Tropiano* his Sixth Amendment right to counsel and his Fifth Amendment right to due process; and (2) whether such testimony by Grasso in any event qualifies as newly discovered evidence.

For the reasons stated below, the Court holds that both questions must be answered in the negative. Accordingly, the motion to vacate sentence is denied without a hearing on the ground that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1964).

## PRIOR PROCEEDINGS

Tropiano was convicted by a jury on November 15, 1968, after an 18 day trial, of extortion by the wrongful use of threatened force, violence and fear, in violation of the Hobbs Anti-Racketeering Act, 18 U.S.C. § 1951 (1964), and of conspiracy to do so. He was sentenced on December 9, 1968 to concurrent 12 year terms of imprisonment and was ordered to pay a $10,000 committed fine within 30 days. The fine has not been paid, despite the elapse of more than two years, and of course there has been no claim of inability to pay the fine.

The judgment of conviction was affirmed by the Court of Appeals for this Circuit on November 29, 1969. 418 F.2d 1069. Certiorari was denied on April 6, 1970. 397 U.S. 1021. This Court on July 29, 1970 denied petitioner's motion to reduce sentence. For other opinions by the District Court with respect to prior proceedings, see 284 F.Supp. 477, 479–82; 296 F.Supp. 280; 296 F.Supp. 284.

## FACTS

The essential facts alleged in petitioner's motion to vacate sentence are either not in dispute or are taken by this Court as true for purposes of the instant motion.

They are: Petitioner was represented throughout proceedings in the District Court by retained counsel, Howard A. Jacobs, Esq. Petitioner's co-defendant Grasso was represented by retained counsel, Ira B. Grudberg, Esq. Attorneys Jacobs and Grudberg were members of the New Haven law firm of Jacobs, Jacobs, Grudberg & Clifford. During the trial, Grasso informed his attorney, Grudberg, that he wished to testify that Tropiano "never threatened Mr. Caron or anyone else at any time." Grudberg instructed Grasso not to testify and he did not take the witness stand.

## OPINION

### I.

It is settled in this Circuit, even where co-defendants are represented by the same attorney, that "some conflict of interest must be shown before an appellant can successfully claim that representation by an attorney also engaged by another defendant deprived him of his right to counsel." United States v. Dardi, 330 F.2d 316, 335 (2 Cir. 1964), cert. denied, 379 U.S. 845 (1965). See also United States v. Calarco, 424 F.2d 657, 661 (2 Cir.), cert. denied, 400 U.S. 824 (1970); United States v. Paz-Sierra, 367 F.2d 930, 933 (2 Cir. 1966), cert. denied, 386 U.S. 935 (1967); United States v. Bentvena, 319 F.2d 916, 937 (2 Cir.), cert. denied, 375 U.S. 940 (1963).

Here petitioner's claim is not that he and co-defendant Grasso were represented by the same attorney; but, although each was represented by a separate attorney of his own choosing, since both attorneys were members of the same law firm, somehow this created a conflict of interest. The Court holds that such representation of co-defendants by separate, privately retained attorneys, each members of the same law

firm, does not *ipso facto* establish a conflict of interest; nor do the moving papers or the record in the instant case show any prejudice whatsoever to petitioner.

First, there is no claim of incompetence on the part either of petitioner's attorney or of co-defendant Grasso's attorney, or of the law firm of which they are members. This Court has had occasion previously to take judicial notice that "the New Haven law firm of Jacobs, Jacobs, Grudberg & Clifford . . . is recognized as one of the outstanding law firms in Connecticut." United States v. Ursini, 296 F.Supp. 1155, 1158 (D.Conn.1968).

Second, the gravamen of petitioner's claim, viewed in the light most favorable to petitioner, is not directed at conduct by petitioner's own attorney; rather, it is directed at the alleged conduct of his co-defendant's attorney in advising the co-defendant not to testify. All else aside, the Sixth Amendment has nothing to do with a defendant's preference for having a co-defendant represented by counsel acceptable to defendant. And of course, assuming petitioner and his attorney did in fact desire to have the co-defendant testify, petitioner could not compel the co-defendant to testify in the teeth of the Fifth Amendment guarantee against self-incrimination.

Third, assuming petitioner's claim were directed at the conduct of his own attorney in not somehow procuring the testimony of the co-defendant (leaving aside the Fifth Amendment bar), such claim is without merit. As a matter of trial tactics, experienced trial counsel often differ as to the wisdom of calling a particular witness to the stand. United States v. Garguilo, 324 F.2d 795, 797 (2 Cir. 1963); United States v. Duhart, 269 F.2d 113 (2 Cir. 1959); Morgan v. United States, 295 F.Supp. 967, 971-72 (D.Conn.1968).

The Court holds, upon the moving papers and upon the entire record of the case, that petitioner has shown neither a conflict of interest nor prejudice. See Olshen v. McMann, 378 F.2d 993, 994-95 (2 Cir.), cert. denied, 389 U.S. 874 (1967). Specifically, the refusal of the attorney for co-defendant Grasso to permit Grasso to testify at the trial did not deny Tropiano his Sixth Amendment right to counsel or his Fifth Amendment right to due process.

II.

Petitioner's proffered testimony by co-defendant Grasso that Tropiano "never threatened Mr. Caron or anyone else at any time", in the opinion of this Court, does not qualify as newly discovered evidence.

It is settled in this Circuit, as well as in this Court, that, before a sentence may be vacated and a new trial granted on the ground of newly discovered evidence, the following criteria must be satisfied: "(a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." United States v. On Lee, 201 F.2d 722, 723 (2 Cir.), cert. denied, 345 U.S. 936 (1953). See also United States v. Bradwell, 295 F.Supp. 958, 959-60 (D.Conn. 1968), aff'd, 388 F.2d 619 (2 Cir.), cert. denied, 393 U.S. 867 (1968); United States v. Capaldo, 276 F.Supp. 986, 987 (D.Conn.1967), aff'd, 402 F.2d 821 (2 Cir. 1968), cert. denied, 394 U.S. 989 (1969).

Assuming arguendo that petitioner's proffered testimony by co-defendant Grasso satisfies criteria (a), (b) and (d) above (an assumption of questionable validity), clearly it does not satisfy criteria (c) and (e). The record in this case demonstrates conclusively that such testimony would be merely cu-

mulative or impeaching, and would not have produced a different result.

The Court of Appeals, in affirming the convictions of Tropiano and his codefendants, discussed in some detail the testimony of Mr. and Mrs. Caron under the headings "Contradictory Testimony" and "Sufficiency of the Evidence". United States v. Tropiano, 418 F.2d 1069, 1074–75 (2 Cir. 1969), cert. denied, 397 U.S. 1021 (1970). Among other things, the Court of Appeals noted that "The appellants did not take the stand but they did cross-examine the Carons severely"; "Upon cross-examination Caron admitted certain errors in his direct testimony . . ."; "Furthermore appellants called six witnesses who were present at the BIRCA meeting and who contradicted Caron by denying that any threats were made by Grasso or Tropiano at the meeting;" "The Carons' errors, inconsistencies and contradictions were elaborately catalogued in the appellants' summation, and the trial court instructed the jury as to the guidelines to be utilized in determining credibility, including its duty to appraise a witness' reaction when faced with contradictions"; and "We find no basis to hold that the Carons' testimony was incredible as a matter of law, or that the evidence was insufficient to support the verdict." 418 F.2d at 1074–75.

The Court holds, upon the moving papers and upon the entire record of the case, that petitioner's proffered testimony by co-defendant Grasso does not qualify as newly discovered evidence. Specifically, the proposed testimony by co-defendant Grasso that Tropiano "never threatened Mr. Caron or anyone else at any time", at best, would merely serve further to impeach the testimony of the Carons; would be cumulative of the testimony of the six witnesses called by defendants who denied that any threats were made by Tropiano or Grasso; and upon a new trial would not produce an acquittal.

### ORDER

ORDERED that petitioner Tropiano's motion to vacate sentence is denied in all respects.

_____

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.