**UNITED STATES of America,**
**Appellee,**

v.

**Michael FARR, Defendant-Appellant.**
**No. 165, Docket 73–1797.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 2, 1973.

Decided Nov. 19, 1973.

**1024**

H. Elliot Wales, New York City (Albert J. Gaynor, New Rochelle, N. Y., on the brief), for appellant.

Jed S. Rakoff, Asst. U. S. Atty., (Paul J. Curran, U. S. Atty., S. D. N. Y., John D. Gordan, III, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, FEINBERG and TIMBERS, Circuit Judges.

PER CURIAM:

After a jury trial in the United States District Court for the Southern District of New York before Charles L. Brieant, Jr., J., appellant Michael Farr, along with co-defendants Enriquito Alsondo, Ralph Feola and Henry Rosa, was convicted of assaulting federal narcotics agents engaged in their official duties and conspiring to do so, in violation of 18 U.S.C. §§ 111 and 371.[1] He was sentenced under the Youth Corrections Act, 18 U.S.C. §§ 5010(b), 4209, and now appeals his conviction.

On July 13, 1973, this court handed down an opinion in the consolidated appeals of Alsondo, Feola and Rosa, United States v. Alsondo, 486 F.2d 1339; that decision recounts the underlying facts with respect to Farr as well as his three associates. Subsequently, we granted the Government's petition for a rehearing in the cases of Feola and Rosa, and, on the same day as this opinion, modified our earlier opinion. United States v. Alsondo, 486 F.2d 1339 (November 1973). On reconsideration in *Alsondo*, we left standing our prior reversal of the conspiracy convictions—a point not challenged by the petition for rehearing —but reinstated the assault convictions. (Alsondo's substantive convictions had previously been affirmed, at 1346 n. 13 (2d Cir. July 13, 1973), and were not at issue on the rehearing.)

Our original decision in *Alsondo* reversed the conspiracy convictions, dismissing the counts, because the rationale of United States v. Crimmins, 123 F.2d 271 (2d Cir. 1941), requires proof of scienter of the federal element of the crime (here, the victims' identity as government agents), which was lacking in that case. Because of the same evidentiary defect, we likewise reverse Farr's conviction of conspiring to assault federal officers, and dismiss the charge as to him.[2] Similarly, for reasons stated in the supplemental *Alsondo* opinion filed today, we reject Farr's appeal on the substantive issue and affirm his conviction of assault under 18 U.S.C. § 111.[3]

Judgment of conviction for conspiracy reversed and charge dismissed. Judgment of conviction under 18 U.S.C. § 111 affirmed.

---

1. Alsondo was also convicted of unlawfully carrying a deadly weapon during the commission of a felony, in violation of 18 U.S.C. § 924(c)(2).

2. The Government's brief concedes the need to reverse appellant's conspiracy conviction on the authority of United States v. Alsondo, 486 F.2d 1339 (2d Cir. July 13, 1973).

3. As the trial court stated in its charge, Farr and Feola are in the same position since no evidence was adduced that either *personally* assaulted the officers.