**UNITED STATES of America,**
**Appellee,**

v.

**Joseph G. HOULE and Victor Diodato,**
**Appellants.**

**Nos. 424, 445, 426, Dockets 72–1492,**
**73–1583, 73–1585.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 15, 1973.

Decided Dec. 27, 1973.

Christopher T. W. Ross, Buffalo, N.Y., for appellant Houle.

Francis X. Murphy, Buffalo, N.Y. (Peter A. Vinolus, Lackawanna, N.Y., of counsel), for appellant Diodato.

Richard J. Arcara, Asst. U.S. Atty. (John T. Elfvin, U.S. Atty., W. D. N.Y., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and OAKES, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Appellants Joseph Houle and Victor Diodato were convicted on October 6, 1971, after a trial by jury in the United States District Court for the Western District of New York, John T. Curtin, *Judge*, on one count of conspiracy and one count of stealing goods in excess of $100 from a truck moving in interstate commerce, in violation of 18 U.S.C. §§ 2, 371 and 659. We affirm in part and reverse in part.

On Saturday, February 6, 1971, a railroad checker discovered that trailer RIZ 507981 was missing from the Bison Ramp in Sloan, New York. Trailer RIZ 507981 had arrived at the ramp "piggyback" via the Rock Island and Pacific Railroad and the Norfolk and Western Railroad from Oakland, Iowa on February 4, 1971. It contained a shipment of beef destined for Erie, Pennsylvania which had a wholesale value of $17,990.-45. The Bison Ramp is an inspection, storage and transfer point on the Norfolk and Western Railroad.

Appellant Houle was employed by the Norfolk and Western Railroad as a police lieutenant at the Bison Ramp at the time of the theft. Appellant Diodato had a trucking business in nearby North Collins, New York. At trial, Norman Keller, an employee of Diodato's trucking concern, admitted having driven the trailer in question from the ramp to North Collins and then to South Dayton, New York on the night of February 5, 1971. Keller, described by the prosecution as a "dupe," testified to Diodato's role in the robbery. Edward Ring, an accomplice witness, testified to Houle's involvement in the crime. This testimony, coupled with considerable circum-

stantial evidence, made out a strong case against appellants on both counts.

## A. Appellant Houle

■ Houle makes four arguments on appeal. First, he contends that there was insufficient evidence from which the jury could have found that he knew that the stolen goods were in interstate commerce, and therefore his conviction on the conspiracy count must be overturned. Because actual knowledge of the interstate character of the stolen goods is not required to establish criminal liability on the substantive count, United States v. Crimmins, 123 F.2d 271 (2d Cir. 1941); United States v. Tyers, 487 F.2d 828 (2d Cir. 1973), this argument relates only to the conspiracy count.

■ The evidence produced at trial was more than sufficient to establish appellant's knowledge of the interstate nature of the shipment. In *Crimmins*, this court stated that a continued indifference to the source of the stolen goods coupled with a knowledge that in some cases the goods had come from outside the state is sufficient to establish this element of the offense. Houle was employed at Bison Ramp, and the jury could infer from that fact that he knew that the ramp is a trans-shipment point for goods in interstate commerce. This alone might satisfy the *Crimmins* standard. It was also shown that Houle had access to the ramp office records, and that he consulted those records to answer questions put to him by Diodato concerning the stolen shipment. The jury could well conclude that in consulting the records, Houle discovered that Trailer RIZ 507981 was in interstate commerce.

■ Appellant's second contention is that Judge Curtin told the jury that appellant was charged with aiding and abetting, whereas the indictment did not state that offense. In fact, the indictment did assert liability under 18 U.S.C. § 2, thereby notifying appellant that he was charged with aiding and abetting.

Appellant next argues that the discovery of new evidence entitles him to a new trial. He claims that after trial he discovered that Keller had been arrested prior to trial and charged with driving while intoxicated, resisting arrest, and criminal mischief in the third degree and that Keller had spoken to the Assistant United States Attorney about these charges prior to the trial below. Houle claims that the Assistant United States Attorney told Keller that he would speak to the district attorney on Keller's case and advise him that Keller was cooperating with the government in prosecuting appellant. Appellant asserts that this new evidence puts Keller's testimony in a new light. The court below, after a hearing on the matter, did not agree with appellant.

Newly discovered evidence justifies a new trial only if that evidence is ". . . of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." Tropiano v. United States, 323 F.Supp. 964, 966 (D.Conn.1971); United States v. On Lee, 201 F.2d 722 (2d Cir.), cert. denied, 345 U.S. 936, 73 S.Ct. 798, 97 L. Ed. 1364 (1953). Assuming, *arguendo*, that appellant's claims are true, we are convinced that this evidence does not meet this standard. Significantly, Keller testified to the grand jury and gave statements to the police *before* his arrest which verify his testimony at trial. It is unlikely that any damage to Keller's credibility which this evidence might have worked would have been enough to outweigh the evidence pointing to appellant's guilt.

■ Finally, Houle argues that the prosecutor's failure to disclose to him the facts of Keller's arrest and the conversation concerning the pending prosecution must upset the verdict under the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, this is not a case of purposeful nondisclosure. The prosecution argues that it did not disclose these facts to appellant because it had no duty to do so, as the arrest was a matter of public

record and as the evidence was not exculpatory since the arrest was inadmissible under United States v. Acarino, 408 F.2d 512, 515 (2d Cir.), cert. denied, 395 U.S. 961, 89 S.Ct. 2101, 23 L.Ed.2d 746 (1969), and the conversation was innocuous. While the prosecutor may be correct in these characterizations, it is not for him to make these judgments. Still, this is not an instance of " . . . deliberate suppression with purpose to obstruct the defense . . . [nor is it] a failure to disclose evidence whose high value to the defense could not have escaped the attention of the prosecution." United States v. Bonanno, 430 F.2d 1060, 1063 (2d Cir.), cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970). This nondisclosure must therefore be governed by the test of " . . . whether . . . there was a significant chance that this added item, developed by skilled counsel . . . could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction." United States v. Miller, 411 F.2d 825, 832 (2d Cir. 1969). Unlike our dissenting brother, we conclude that in view of the factors noted above the evidence could not have induced such doubt.

## B. Appellant Diodato

■ Appellant Diodato's first contention on appeal is the same as that of appellant Houle. We reject it because there was sufficient evidence introduced below from which the jury could infer Diodato's knowledge that the goods were moving in interstate commerce. The jury could have concluded that Diodato knew that Bison Ramp is an interstate facility from Diodato's contacts with Houle and from his position in the trucking business. Moreover, the jury could have concluded that Diodato discovered that the particular shipment was from outside the state when he asked Houle for details of the shipment.

Appellant's next argument is the same as Houle's second point.

■ We must also reject appellant's contention that he is entitled to a new trial because of newly discovered evidence. Appellant claims that statements made by Ring at the hearing on Diodato's motion for a new trial contradict Ring's testimony at trial and that reversal is required by Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). At trial, Ring testified that he pleaded guilty to a lesser charge for which he had not yet been sentenced, but he denied that he had been told that his plea was permitted in return for his testimony against Diodato. At the hearing, Ring stated nothing to the contrary. The only evidence which supports appellant's position is one sentence in the government's brief in opposition to the motion for a new trial to the effect that the government, before trial, "furnished the consideration for Ring's testimony."

It appears that the only "consideration" known to Ring was his expectation of leniency in sentencing. Since Ring testified at trial that he hoped to receive such leniency, we think that Ring's motivation was squarely before the jury and that appellant has demonstrated no untruthfulness in Ring's testimony.

■ Finally, appellant objects to the refusal of the court below to allow him to question the prosecuting attorney at the hearing on appellant's motion for a new trial. The court refused this request in light of appellant's inability after questioning several other witnesses to show any evidence of an undisclosed agreement between the prosecution and Ring. We find no error in this ruling. At this stage in the criminal process, appellant must demonstrate some substance to his claim before he is entitled to call someone as a witness. Dirring v. United States, 353 F.2d 519 (1st Cir.), cert. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (1964).

## C. The Charge

■ The most troublesome issue in this case is one that appellants do not raise on appeal. In its charge to the jury, the court below failed to state that knowledge that the stolen goods were in

interstate commerce is an element of the conspiracy offense. Defense counsel excepted to the charge, that knowledge was not necessary, but the charge, and the objection were apparently directed solely to the substantive count, as to which the charge was correct.

The omission in the charge constituted "plain error," Fed.R.Crim.P. 52(b), which we must notice regardless of counsel's failure to clarify the basis of the objection and to pursue the matter on appeal. United States v. Alsondo, 486 F.2d 1339 (2d Cir., 1973). While we are satisfied that a jury could infer appellants' knowledge that the shipment was in interstate commerce from the evidence introduced, knowledge was an essential element of the crime of conspiracy. The existence of that essential element the jury never determined.

Of course, the defect in the charge does not disturb the verdict on the substantive count, in which knowledge of the interstate nature of the stolen goods is not an element.

We affirm the conviction of each appellant on the substantive count and reverse the conviction of each appellant on the conspiracy count and remand for new trial on that count.

Since it is possible that conviction on both counts influenced the determination of the quantum of the concurrent sentences, we leave it open to the court to consider modification of sentence on the substantive count, if so advised, without, however, any intimation that the sentence as imposed was in any way excessive.

OAKES, Circuit Judge (concurring in part and dissenting in part):

It is difficult to fathom from the majority opinion to what it is referring when it says,

Still, this is not an instance of ". . . deliberate suppression with purpose to obstruct the defense . . . [nor is it] a failure to disclose evidence whose high value to the

defense could not have escaped the attention of the prosecution."

If, as I believe, the majority is referring to the prosecutor's omission to tell the defense about the arrest of the witness, Keller, and the pending prosecution of him in the state courts of New York, I of course agree as far as the opinion goes, but as indicated below think it does not reach the critical question. If, on the other hand, the majority opinion is referring to the prosecutor's failure to disclose to the defense that Keller and the Assistant United States Attorney had had a discussion with reference to the pending state charges as a result of which the Assistant United States Attorney agreed to tell the local District Attorney that Keller was cooperating with the Federal Government in its prosecution, and that indeed the Assistant United States Attorney carried out his commitment to Keller in this regard, then I must disagree, for reasons also set out below.

If I am correct that the majority opinion in the language above quoted is not referring at all to the Assistant United States Attorney's agreement with Keller and subsequent call, helpful to Keller, to the local District Attorney, then the majority does not anywhere consider the question whether or not *this* was an instance of deliberate suppression or a failure to disclose evidence the high value of which to the defense was obvious. It seems to me that the impeachment value of such information was obvious to the prosecution, and in light of the critical nature of Keller's testimony to the case against Houle, there was "a significant chance that this added item [the prosecutor's agreement with Keller and subsequent telephone call], developed by skilled counsel . . ., could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction." United States v. Miller, 411 F.2d 825, 832 (2d Cir. 1969).

Therefore, I would reverse and remand for a new trial on the substantive count also as to appellant Houle.