UNITED STATES of America

v.

**Michael J. PEPE et al.**

**Appeal of Edward D. CARUCCI.**

No. 74–1662.

United States Court of Appeals,
Third Circuit.

Argued Nov. 1, 1974.

Decided Feb. 24, 1975.

Ralph F. Keil, U. S. Atty., by Bruce L. Thall, First Asst. U. S. Atty., for appellee.

Henry N. Herndon, Jr., Morris, James, Hitchens & Williams, Wilmington, Del., for appellant, Edward D. Carucci.

Before FORMAN, ALDISERT and ROSENN, Circuit Judges.

OPINION OF THE COURT

FORMAN, Circuit Judge.

Edward D. Carucci and five co-defendants, Anthony P. DiGiacomo, Michael J. Pepe, Thomas Alfred Capodanno, Michael Niland and Eugene Papaleo, were tried in the United States District Court for the District of Delaware under a two-count indictment charging them in the first count with violating the federal gambling statute, 18 U.S.C. § 1955,[1] and in the second count with conspiring to violate that statute, 18 U.S.C. § 371. The first count of the indictment was dismissed on the Government's motion. Mr. Pepe pleaded guilty to the second count, but the remaining five defendants, having waived a jury, were tried to the Court. Pursuant to Federal Rule of Criminal Procedure 23(c),[2] the District Court entered specific findings of fact and law under which Messrs. Capodanno and Papaleo were acquitted and Messrs. DiGiacomo, Niland and Carucci were found guilty of conspiring to operate a gambling business which, *inter alia,* involved five or more participants.[3]

1. 18 U.S.C. § 1955 provides, in pertinent part:

   (a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

   (b) As used in this section—

   (1) "illegal gambling business" means a gambling business which—

   (i) is a violation of the law of a State or political subdivision in which it is conducted;

   (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

   (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

2. Fed.R.Crim.P. 23(c) provides:

   In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

3. See n. 1, *supra,* for the other elements of an "illegal gambling business" as defined by § 1955(b)(1).

**1136**

Messrs. DiGiacomo and Carucci filed timely appeals. Mr. Carucci argued that, although he was admittedly a participant in gambling activities, it was error to convict him because he neither expected nor received economic gain or other compensation for his participation.

Mr. DiGiacomo, in his appeal, took the position that his conviction could not be sustained because the Government failed to prove beyond a reasonable doubt that the object of the conspiracy was a federal offense. More specifically, Mr. DiGiacomo argued to another panel [4] of this court that the evidence presented at trial failed to show that he anticipated or reasonably should have expected that five persons were involved in the underlying gambling operation. Mr. DiGiacomo's conviction was reversed, the panel concluding that the evidence at trial established only that four persons (not the five required by § 1955) were involved in the gambling business and, therefore, no conspiracy to violate § 1955 existed. It was reasoned that

. . . to convict a defendant of conspiracy to violate § 1955, it is incumbent upon the Government to prove an agreement which contemplates the commission of a crime and that such crime is in fact and law a federal offense. As such, the overall objective of the conspiracy agreed to must encompass, *inter alia,* an intention or understanding that five or more persons will be involved in an illegal gambling operation.[5]

Although Mr. Carucci has not raised the issue of the Government's failure to prove the requisite number of participants in the underlying offense, his conviction, like that of Mr. DiGiacomo, was predicated upon the District Court's finding that a fifth unnamed individual

4. Judges Aldisert, Weis and Garth.

5. United States v. Pepe et al. (Anthony P. DiGiacomo, Appellant), 512 F.2d 1129 (3d Cir., 1975).

6. The District Court's Finding of Fact No. 19 recites:

During that period [from the end of 1971 to early May of 1972], Mr. DiGiacomo was

participated in the gambling operation. Specifically, in its Findings of Fact No. 8 and No. 29, respectively, the District Court concluded:

From at least the end of 1971 to May of 1972 there were five or more persons who participated in conducting the gambling business headed by Michael Pepe. In addtion to Michael Pepe *and his line source,* Michael Niland, Anthony DiGiacomo and Edward Carucci participated by conducting bookmaking operations which regularly and continuously supplied the Pepe book with substantial lay-off wagers. [emphasis added]

During that period, Mr. Carucci was aware of the participation of at least the following individuals in the Pepe gambling business: himself, Michael Pepe, *Mr. Pepe's line source,* Anthony DiGiacomo and Michael Niland. [emphasis added]

These conclusions that five persons participated in the business, and similar conclusions with respect to Mr. DiGiacomo,[6] were implicitly based on the District Court's Finding of Fact No. 3:

Mr. Pepe had an arrangement with an individual [i. e. his unnamed "line source"] other than one of the named defendants pursuant to which he received line information for use in his business.

It is this latter determination which the DiGiacomo panel of this court found to be "completely devoid of minimum evidentiary support," resulting in clear error and a reversal of Mr. DiGiacomo's conviction.[7]

█ Mr. Carucci's failure to challenge the District Court's specific findings of fact does not preclude this court from reviewing them. Appellate courts

aware of the participation of at least the following individuals in the Pepe gambling business: himself, Michael Pepe, Mr. Pepe's line source, Edward Carucci and Michael Niland.

7. United States v. Pepe et al. (Anthony P. DiGiacomo, Appellant), 512 F.2d 1129 (3d Cir. 1975).

may notice errors apparent on the face of the record, but not urged by either party, in order to prevent a manifest miscarriage of justice. United States v. Musquiz, 445 F.2d 963, 966 (5th Cir. 1971); United States v. Kemble, 197 F.2d 316, 322 (3d Cir. 1952). We, therefore, have examined the record and find ourselves in agreement with the determination that Specific Finding of Fact No. 3 is not supported by the evidence produced at trial.

There being established only four participants, Messrs. Pepe, Niland, DiGiacomo and Carucci, in the gambling business, we conclude that the Government failed to prove that the object of the conspiracy was a federal offense.

Appellant Carucci's conviction on the conspiracy count, Count II of the indictment, will be reversed. Under this disposition of the case it becomes unnecessary for us to decide Mr. Carucci's contention that an uncompensated participant may not be convicted of conspiring to violate the federal gambling statute.