UNITED STATES of America,

v.

Robert Louis JOHNSON et al.

Appeal of John GRANDINETTI, in No. 74–1935.

Appeal of Joseph CAPPUCCI, in No. 74–2161.

Nos. 74–1935, 74–2161.

United States Court of Appeals, Third Circuit.

Argued Jan. 24, 1975.

Decided April 15, 1975.

Harvey Weissbard, Isles & Weissbard, Montclair, N. J., for John Grandinetti.

Joseph Cappucci, pro se.

William T. Pizzi, Asst. U. S. Atty., Jonathan L. Goldstein, U. S. Atty., William T. Pizzi, Asst. U. S. Atty., Newark, N. J., for appellee.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Appellants Grandinetti and Cappucci were indicted, along with three others, for conspiring in violation of 18 U.S.C. § 371 to commit the offense, set forth in 18 U.S.C. § 2314, of knowing and wilful transport in interstate commerce of stolen goods, wares and merchandise of a value of $5,000 or more. There is only one substantial issue presented by their appeals.[1] They spe-

1. In addition to the issue discussed in the text, Grandinetti and Cappucci contend (1) that they were entitled to a judgment of acquittal because the government's evidence was insufficient; (2) that the court should have charged that the mere relationship of buyer and seller of stolen goods did not establish the conspiracy charged in the indictment; (3) that the court should have given requests to charge # 16 and # 17 dealing with multiple conspira-

cies; (4) that the charge as to burden of proof and reasonable doubt was misleading and inadequate; and (5) that the questioning and argument by the government attorney went beyond the bounds of proper prosecutorial conduct. We have considered each of these contentions in the light of the record and find them to be without merit. One additional contention deserved separate comment. The government's chief witnesses were accom-

cifically requested that the jury be instructed, in accordance with the authorities in the Second Circuit,[2] that in order to convict on a conspiracy count the jury must find that the conspirators had specific knowledge of the interstate transportation of the stolen goods which was the predicate for federal jurisdiction. At the time of the trial, in April and May of 1974, this circuit had never adopted Judge Learned Hand's formula, first announced in United States v. Crimmins, 123 F.2d 271 (2d Cir. 1941), that the government must prove "antifederal" intent in order to prove a conspiracy to commit a substantive offense which did not require such an intent. *See* United States v. Iannelli, 477 F.2d 999, 1002 (3d Cir. 1973), aff'd on another ground, —— U.S. ——, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), which involved a conviction both under 18 U.S.C. § 371 and under 18 U.S.C. § 1955. When the case was argued on January 24, 1975, we were aware that certiorari had been granted in United States v. Alsondo, 486 F.2d 1339 (2d Cir. 1973), rev'd sub nom. United States v. Feola, —— U.S. ——, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), and that the case had been argued on November 19, 1974. Since the government at oral argument conceded that an affirmance by the Supreme Court in United States v. Feola would mandate a reversal, this panel concluded that the case should be held until the Supreme Court acted.

■ On February 12, 1975 another panel of this court, in United States v. Pepe (DiGiacomo), 512 F.2d 1129 (3d Cir., filed February 12, 1975),[3] reversed a conviction in a case where there was a complete absence of proof of the facts giving rise to federal jurisdiction. Dictum in the case suggested for the first time that this circuit would require the so-called *Crimmins* charge with respect to a conspirator's knowledge of the federal jurisdictional facts.

If the dictum in United States v. Pepe, *supra,* was the binding circuit precedent we would be required to reverse.[4] However, on March 19, 1975, the Supreme Court in United Sates v. Feola, *supra,* reversed United States v. Alsondo, *supra,* rejected the *Crimmins* line of cases and approved the result in United States v. Iannelli, *supra* on that point.[5] Thus the district court properly declined to charge defendants' request to charge No. 15.

The judgment appealed from will be affirmed.

---

plices. The court gave the standard accomplice charge but declined to charge:

> "The fact that both Coyle and Esposito 'turned government's witness' affects injuriously the credit to be given to their testimony for it is suggestive at least of a bargain between them and the government's authority with relation to the disposition of past or pending indictments against them or the punishment to be inflicted upon them in exchange for their testimony offered to bring about the conviction of the defendant."

The court did instruct with respect to the effect of prior inconsistent statements and prior criminal convictions on the witnesses' credibility. Recognizing that the existence of a plea bargain in exchange for testimony may affect credibility we still find no error in declining to give a more elaborate charge on credibility based on speculation about such a bargain. We do not in this case address the question whether defendants are entitled to a specific instruction with respect to credibility of a witness who has formally been granted immunity.

2. United States v. Alsondo, 486 F.2d 1339, 1346 (2d Cir. 1973), rev'd sub nom. United States v. Feola, —— U.S. ——, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975); United States v. Crimmins, 123 F.2d 271 (2d Cir. 1941).

3. See also United States v. Pepe (Carucci), 512 F.2d 1135 (3d Cir., filed Feb. 24, 1975).

4. See Internal Operating Procedures, Introduction, II A-2, 63 F.R.D. 323 (3d Cir. 1974).

5. See —— U.S. at ——, n. 4, 95 S.Ct. 1284.