**UNITED STATES of America, Appellee,**

v.

**Paul VIRUET and Frank Cerell, Appellants.**

**No. 1016, Docket 76–1059.**

United States Court of Appeals, Second Circuit.

Argued May 18, 1976.

Decided Aug. 5, 1976.

---

A. Isadore Eibel, New York City, for appellant Viruet.

Frank A. Lopez, Brooklyn, N. Y., for appellant Cerell.

T. Gorman Reilly, Asst. U. S. Atty., Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Lawrence B. Pedowitz, Asst. U. S. Atty., New York City, for appellee.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and JUDD, District Judge.*

PER CURIAM:

There was clearly sufficient evidence from which the jury could find that Viruet and Cerell agreed in advance to dispose of a load of merchandise which was to be hijacked, that the load was taken to the driveway alongside Cerell's house and unloaded into a shed attached to the rear of the house, that Viruet and Cerell were both present when the truck was unloaded, and that both participated in subsequent payments to the actual hijackers, some of whom testified against them.

The Government's evidence at trial was that the appellants had been approached by a hijacker named Crawford who proposed to sell them "hot" goods he planned to steal off a shipment of the Modern Trucking Company, in New Jersey. Crawford testified that Viruet and Cerell agreed to take the goods from him on condition that payment would be made only after they had a chance to sell the merchandise. On the day of the theft, appellants met with Crawford's accomplices, Boyd and Dixon, in the hijacked truck and led them to Cerell's home on Long Island where the goods were unloaded into a large shed. At that time it was discovered, to their collective dismay, that the heisted cargo was not men's suits as expected but an assortment of hats, girdles, lamps and children's clothing. The following day, according to Crawford's testimony, appellant Cerell met with Crawford and made a partial payment of around $600

* Of the Eastern District of New York, sitting by designation. Judge Judd died while this case was sub judice, and the parties stipulated that the case could be decided by the other two members of the panel.

on the goods received. Boyd also testified that Viruet made a subsequent payment of about $900 to him in connection with the stolen goods. The joint testimony of Crawford, Boyd and Dixon is quite ample to support the jury's verdict.

■ The fact that the conspirators intended to hijack a truckload of men's suits and actually obtained a load of hats, girdles, lamps and children's clothes is not a defense. The indictment did not charge theft of men's clothes or conspiracy to steal men's clothes. Both defendants knew the purpose of the conspiracy much more definitely than the defendant in *United States v. Gallishaw*, 428 F.2d 760 (2d Cir. 1970), on which they rely.

■ The admission of testimony concerning Viruet's participation in other transactions involving stolen goods was proper and was not unduly prejudicial. *United States v. Gerry*, 515 F.2d 130, 140–41 (2d Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975); *United States v. Papadakis*, 510 F.2d 287, 294 (2d Cir.), *cert. denied*, 421 U.S. 950, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975); *United States v. Deaton*, 381 F.2d 114, 117 (2d Cir. 1967); Fed.R.Evid. 404(b). There was a sufficient parallel between the acts charged in the indictment and the prior (and subsequent) acts shown by the testimony so that it had real probative value regarding appellant's willingness and intent to enter into the proven conspiracy, rather than merely suggesting that appellant was of poor character. *See United States v. Bermudez*, 526 F.2d 89, 96 (2d Cir. 1975).

■ Appellant Viruet complains that the court erred in charging the jury that it was not necessary to find beyond a reasonable doubt that either defendant knew that the truck to be hijacked would be moving in interstate commerce, if it was in fact moving in interstate commerce. This charge was based on the Supreme Court's ruling in *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), but appellants assert that *Feola* did not expressly overrule *United States v. Crimmins*, 123 F.2d 271 (2d Cir. 1941). The *Feola* case related to a conspiracy to violate 18 U.S.C. § 111, punishing assaults on federal officers, and did not expressly determine that scienter is unnecessary in conspiracies to violate 18 U.S.C. § 659. The question of scienter in the two statutes is closely parallel, however. The jurisdictional fact under Section 111 is that the victim was a federal officer, while the jurisdictional fact under § 659 is that goods were moving in interstate commerce. Assault and theft are both "clearly wrongful conduct . . .," 420 U.S. at 692, 95 S.Ct. 1255, and therefore conspiracy to commit such acts is punishable under the *Feola* ruling, without proof that the defendants knew that there was federal jurisdiction of the offenses. *United States v. Green*, 523 F.2d 229 (2d Cir. 1975).

The judgments of conviction are affirmed.