**UNITED STATES of America**

v.

**Salvatore SCUDIERO, Defendant.**

**No. 77 Cr. 135 (CMM).**

United States District Court,
S. D. New York.

March 13, 1978.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for the United States; Michael S. Devorkin, Asst. U. S. Atty., New York City, of counsel.

Martin Erdmann, Federal Defender Services Unit, The Legal Aid Society, New York City, for defendant; Roland Thau, New York City, of counsel.

METZNER, District Judge:

On December 7, 1977, defendant was convicted of conspiring to violate the civil rights of Anthony Finn resulting in Finn's death, and of obstructing a criminal investigation. Defendant moves pursuant to Fed. R.Crim.P. 33 for a new trial on the ground of newly discovered evidence.

According to the trial testimony of Benjamin Rosado, a principal government witness, Patrick Huston was in Rosado's company when Rosado was in the Alley Cat Bar. It is not clear whether Huston was actually in the main part of the bar when the shooting took place. Huston was not available as a witness for either trial in this case, being a fugitive on indictments in other unrelated matters. He was apprehended the day of the verdict in this case, and has signed an affidavit stating that he was not present at the bar that night. He further states that he had a conversation with Rosado from which it might be implied that the latter was not present either.

The rule in the Second Circuit is clear. To warrant a new trial, it must be shown that the newly discovered evidence is of such nature that it would probably produce an acquittal. *United States v. Houle,* 490 F.2d 167, 170 (2d Cir. 1973), *cert. denied,* 417 U.S. 970, 94 S.Ct. 3174, 41 L.Ed.2d 1141 (1974); *accord, United States v. Agurs,* 427 U.S. 97, 111 n.19, 113, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

Defendant fails to meet that test. Huston's affidavit creates a sharp conflict with Rosado's testimony. However, that is not sufficient under the rule. The quality of that testimony must be examined to deter-

mine whether it would probably produce an acquittal of the charge that the conspiracy resulted in the death of Finn.

 Rosado's testimony showed that Huston was his partner in crime. Part of Rosado's cooperation with the government, in addition to being the source of the indictment in this case, included "turning in" Huston as his accomplice in numerous bank robberies. Huston is aware of this and knows that Rosado is the cause of his facing a lengthy prison term. Thus, aside from his criminal record, the strong bias he must have against Rosado is reason enough to discount his credibility. It is not apparent that Huston's testimony will probably produce an acquittal. A new trial will not be ordered on the chance that it might produce an acquittal.

Motion denied.

So ordered.