In the Matter of CARL TURK, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 12, 1966.

*John G. Bonomi* of counsel (*Robert F. Condon* with him on the brief), for petitioner.

*Carl Turk,* respondent in person.

*Per Curiam.* Respondent, an attorney admitted to practice on September 29, 1950, in the Second Judicial Department, is charged with serious professional misconduct, including the misapplication and conversion of funds of clients and third persons deposited with him in escrow.

The charges, which were alleged and established, include the following: (Charge 1) He received as escrow agent the sum of

$1,000 from the proposed vendee of a restaurant and bar business, but, after the same was deposited in his wife's personal account, the moneys were expended; and, when the deal fell through, he failed to return the sum until charges were filed against him. (Charge 2) The respondent received in escrow the sum of $1,637.73 pending the closing of a real estate transaction, but this sum was deposited in bank accounts maintained by his mother, and, on a failure of the transaction to close, he failed to return such sum on demand; judgment on default has been entered against him for the amount of the escrow, but it has not been paid. (Charge 4) When representing a wife in a matrimonial action, he received in escrow the sum of $6,000 from her husband to be held pending the preparation by him of a trust agreement for the children of the parties; he failed to draw the agreement and the moneys were deposited in Totten Trust accounts maintained by his mother for his wife, children, sister and brother; and he has failed, on demand, to transfer the funds to another attorney representing the wife.

The charges embracing the foregoing were sustained by the Referee. In addition, the Referee has sustained a charge that the respondent, in violation of a retainer agreement, unreasonably neglected to process a negligence action to recover property damages and has failed to respond to communications from his client with regard to the claim. Finally, the Referee has sustained charges that the respondent has unreasonably failed to co-operate with the petitioner, the Association of the Bar of the City of New York, during the investigation of the charges against him, and with the Referee in these proceedings, including an unreasonable failure to appear at scheduled hearings and to furnish written data as promised.

The Referee's report is in all respects confirmed.

The respondent clearly lacks the character and fitness requisite for an attorney and counselor at law. In view of the gravity of his misconduct, he should be disbarred.

BOTEIN, P. J., RABIN, STEVENS, EAGER and STEUER, JJ., concur.

Respondent disbarred.