In the Matter of JAMES P. MORAHAN (Admitted as JAMES PATRICK MORAHAN), an Attorney, Respondent. BRONX COUNTY BAR ASSOCIATION et al., Petitioners.

First Department, January 20, 1976

*Morris B. Gerstenhaber* of counsel *(Herman Frankel* with him on the brief), for the Bronx County Bar Association, petitioner.

*John G. Bonomi* of counsel *(Irving Gertel* with him on the

brief), for the Association of the Bar of the City of New York, petitioner.

No appearance on behalf of the respondent.

*Per Curiam.* The respondent was admitted to practice in the First Judicial Department on June 25, 1956. The Association of the Bar of the City of New York, in substance, charged that respondent, during the years 1972 and 1973, in three separate instances, accepted retainers for several thousand dollars and agreed to represent three separate clients before the United States Immigration and Naturalization Service in an effort to obtain permanent resident alien status. It was further charged that not only did respondent take no action whatever on behalf of any of said clients but, in each case, he falsely represented in writing and orally that permanent resident alien status had in fact been granted by the Immigration and Naturalization Service. These representations were completely false and respondent knew them to be false. Respondent ignored all requests for the return of said fees or any portion thereof and he also ignored requests by petitioner, Association of the Bar, for an explanation of his conduct. Furthermore, respondent totally failed to co-operate with this petitioner's Committee on Grievances in regard to its investigation of these charges.

Respondent was further charged by the Bronx County Bar Association that in 1969 respondent was retained by a client to represent her before the United States Immigration and Naturalization Service in her application for permanent resident alien status for which respondent was paid the sum of $1,000. He rendered no services whatever and ignored requests that the fee be returned. He failed to respond to written communications of the Grievance Committee of the Bronx Bar Association and completely ignored a subpoena issued by this court relating to said investigation. He totally failed to co-operate with the Bronx Bar Association.

Respondent did not serve an answer to any of the charges, nor did he at any time appear before the Referee conducting the hearings of the charges, which were fully established. The Referee's report is confirmed.

We feel that in the circumstances of this case respondent should be held to have admitted the charges against him. He has shown a complete indifference to the consequences of an adverse determination. The public is entitled to be protected

in its reliance upon the presumed responsibility and integrity of attorneys. Respondent's unexplained actions compel the conclusion that he lacks the requisite moral fitness to continue as a member of the Bar. He should be disbarred. *(Matter of Liesner,* 43 AD2d 223 [1st Dept, 1974]; *Matter of Turk,* 25 AD2d 255 [1st Dept, 1966].)

MARKEWICH, J. P., MURPHY, LUPIANO, LANE and NUNEZ, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York, effective February 20, 1976.