In the Matter of DAVID J. MANDEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1983

### APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*David J. Mandel,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, the Departmental Disciplinary Committee for the First Department, seeks an order suspending respondent from practice pending resolution of the charges against him.

Respondent was admitted to practice in the Second Department on December 16, 1953, and maintains an office for the practice of law in the First Department.

On October 4, 1982, the committee received a complaint from attorneys of former clients of respondent. A judgment had been awarded against respondent to these clients for malpractice and breach of contract, stemming from respondent's failure to institute a holdover petition despite his assurances to the clients that he had commenced the proceeding, and that it was on the calendar.

The committee mailed a copy of the complaint to respondent on October 14, 1982, and a follow-up letter on December 9, 1982. No response was received.

On December 3, 1982 the committee received a second complaint against respondent from another client, alleging neglect of a matter and refusal to return a retainer fee. A copy of this complaint was mailed to respondent on December 28, 1982, and a follow-up letter was sent on January 20, 1983. Again, no response was received.

A subpoena duces tecum was personally served on respondent on February 4, 1983 to appear at the committee's offices on February 15, 1983 to give testimony and to produce his complete files in connection with the complaint. Respondent neither appeared, nor requested an adjournment, and to date has not communicated with petitioner. On this motion respondent has requested a hearing without offering an excuse whatever for his prior defaults.

Under the circumstances the application to suspend should be granted. Respondent's total disregard for the inquiries and the subpoena of the Disciplinary Committee requires that we do no less. Our obligation to the public mandates the suspension of any attorney who will not respond to lawful process while serious charges against him are being investigated. Respondent's attempt on the return date of the motion to obtain a hearing, without even attempting to offer an excuse for his prior defaults, can be viewed as nothing more than an attempt to stonewall the proceeding.

SULLIVAN, J. P., SILVERMAN, BLOOM, MILONAS and ALEXANDER, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York, pending resolution of the charges against him, effective June 28, 1983, and until the further order of this court.