■ In the Matter of JAMES F. DUFFY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has failed to appear or answer the petition herein containing the charges, although the time to do so has expired. Respondent was served with the petition in this matter in accordance with the order of the Presiding Justice of this court dated June 10, 1985, which provided that respondent be served by regular mail and by certified mail, return receipt requested. Petitioner further moved for a default judgment on the ground that respondent failed to appear or answer the aforementioned petition. Although served with the notice of petition for a default judgment, respondent failed to answer.

Respondent was admitted to the Bar by this court on February 25, 1976.

The petition charges respondent with engaging in conduct that is prejudicial to the administration of justice by failing to cooperate with the petitioner Grievance Committee in its

investigation of a complaint as follows: by letter dated January 24, 1985 petitioner notified respondent that a complaint had been filed and respondent failed to submit a written response to the complaint within 10 days as requested by the letter. A second letter dated February 15, 1984 was sent by the petitioner to respondent, by certified mail, return receipt requested, requesting an answer within three days of receipt and said letter was returned marked "unclaimed". A third letter dated March 14, 1984 was sent to respondent by petitioner by certified mail, return receipt requested, requesting an answer within three days of receipt and respondent again failed to reply. On July 31, 1984 respondent appeared at petitioner's offices to testify pursuant to a judicial subpoena and a request was made on the record that respondent provide a written answer to the complaint by August 15, 1984 but respondent thereafter failed to submit such an answer. A letter dated October 3, 1984 was sent by petitioner to respondent by certified mail, return receipt requested, again requesting a written response but the letter was again returned marked "unclaimed".

The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors-at-law, effective forthwith. Mollen, P. J., Lazer, Mangano, Gibbons and Thompson, JJ, concur.