In the Matter of JAMES BING, an Attorney, Respondent. DE-
PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-
CIAL DEPARTMENT, Petitioner.

First Department, October 2, 1986

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Michael A. Gentile,* attorney),
for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee seeks an order

temporarily suspending respondent from the practice of law, based upon his willful failure to cooperate with the Committee in its investigation of eight complaints of professional misconduct made against him, until such time as the matters are concluded, or until further order of this court. Respondent has failed to respond to the application and is in default.

Respondent was admitted to practice in the Second Department on March 6, 1974. At all times here relevant he has maintained an office for the practice of law within the First Judicial Department. The Committee has, to date, received eight complaints concerning the respondent. These allege that respondent solicited clients in the hallways of the Bronx Criminal Court; made sexual advances toward the wife of a client and suggested she and the wife of another client engage in prostitution to pay his fees; made an allegedly false report of a robbery to court and police officers; uttered a bad check in the amount of $17 to the Clerk of the Civil Court, New York County; demanded and received money from a client for alleged disbursements which were never made; and neglected various criminal and civil matters. The Committee mailed a copy of each complaint to respondent and requested a written answer within 20 days. In each instance, upon respondent's failure to answer, the Committee sent at least a second letter requesting an answer and advising him that failure to cooperate constituted an independent act of professional misconduct for which he could be suspended from the practice of law. The Committee obtained a subpoena duces tecum from this court directing respondent to attend before the Committee on June 20, 1986 and produce his files and records concerning the representation of certain clients. Although duly personally served, respondent failed to appear in response to the subpoena, and neither requested an adjournment nor contacted the Committee to explain his absence.

Respondent has failed to deny the allegations in the application at bar. We find that he has willfully failed to cooperate with the Committee's investigation of complaints of professional misconduct made against him. (*Matter of Spiegelman,* 116 AD2d 346 [1st Dept 1986]; *Matter of Mandel,* 94 AD2d 278 [1st Dept 1983].)

Accordingly, respondent is found guilty of professional misconduct and the application to suspend him temporarily, pending investigation of the complaints, or until further order of this court, is granted.

SANDLER, J. P., FEIN, ROSENBERGER, ELLERIN and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately, and until the further order of this court.