In the Matter of JAMES BING, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 19, 1987

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent James Bing was admitted to practice in the Second Department on March 6, 1974, and has, throughout the period in question, maintained a law office within the First Department. Due to respondent's refusal to cooperate with the Departmental Disciplinary Committee, he was suspended from practice pending investigation of eight complaints filed with the Committee (119 AD2d 249). Respondent was personally served with notice of the charges against him, but has failed to appear at the hearing or answer the petition.

Evidence was introduced establishing three of the charges which allege that respondent neglected legal matters entrusted to him and failed to render legal services for which he had been paid. From one client respondent received a fee of $2,000 to handle matters pending in Criminal Court and Family Court. Respondent missed several court appearances and when he did appear, he was unprepared. The client also gave respondent $450 to hire an expert witness and to pay for a polygraph examination but these services were never provided. Another client paid respondent $1,185 to handle a negligence case and a housing matter but respondent never took any action on his client's behalf. A third client retained respondent to represent her in a landlord-tenant matter which respondent also neglected. Numerous phone calls to respondent from these clients were never returned.

Evidence supporting charges that respondent engaged in conduct prejudicial to the administration of justice and involving dishonesty, fraud, deceit or misrepresentation was also presented. A check which respondent tendered to the Clerk of the New York County Civil Court for $15 was returned for insufficient funds. Respondent never replied to letters from the clerk of the court concerning the check which went unpaid, as did the $2 fee which the State was charged as a result of this unpaid check. Testimony also established that respondent had approached two women in the Bronx County Criminal Court and offered to represent their husbands in pending criminal matters for a fee of $300 each. He then received $50 and $20 from the women. Thereafter, he pressed the women repeatedly for more money, even suggesting that they raise it by engaging in prostitution and threatening to drop the cases if more money were not forthcoming. Respondent made only one court appearance on behalf of these

clients and their subsequent attempts to contact him were unsuccessful.

The above charges were all established by a fair preponderance of the evidence. Two other charges of misconduct were lodged against respondent, but no evidence supporting them was introduced. It was alleged that, in November 1986, respondent made a false report to a court officer in the Bronx County Criminal Court and to detectives of the New York City Police Department that he had been robbed at knifepoint by a client. It was subsequently revealed that respondent had voluntarily returned an unearned fee to the client. It was also alleged that respondent accepted a $200 fee but failed to appear in Housing Court and, as a result, his client's case was dismissed. Respondent's failure to answer these charges or appear at the hearing is, under the circumstances, deemed an admission *(Matter of Morahan,* 50 AD2d 398, 399 [1st Dept 1976]) and the charges thereby established *(Matter of Duffy,* 115 AD2d 511, 512).

By his conduct, respondent has demonstrated that he lacks the moral character required of attorneys and is, therefore, unfit to practice law. The petitioner's motion is granted and respondent disbarred; his name shall be removed from the roll of attorneys and counselors-at-law, forthwith.

SANDLER, J. P., ROSENBERGER, ELLERIN, WALLACH and SMITH, JJ., concur.

Respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York effective June 19, 1987.