In the Matter of JOHN W. E. BOWEN, IV, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 12, 1990

### APPEARANCES OF COUNSEL

*Polly M. Puner* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John W. E. Bowen, IV was admitted to the practice of law by the Appellate Division, First Department, on May 23, 1980. At all relevant times, respondent maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee (DDC) moves for an order suspending respondent from the practice of law, pending consideration of charges against him, pursuant to

Judiciary Law § 90 (2) and 22 NYCRR 603.4 (e), because of his failure to cooperate with the DDC's investigation.

In 1988 and 1989, the DDC received three separate complaints, all in the nature of neglect, regarding the respondent. The respondent answered the first complaint, but only after repeated requests from the DDC. Thereafter, he failed to cooperate with the DDC in the investigation of the matter. Under compulsion of a judicial subpoena, respondent appeared for a sworn interview, but he failed to provide his file or the other documentary material commanded by the subpoena. The interview was adjourned and continued on several occasions, and on each occasion respondent failed to provide the subpoenaed documents without adequate explanation. On the final adjourned date of the interview, respondent failed to appear and since that time has failed to respond to the DDC's inquiries, and he has yet to provide the requested documents. As to the second and third complaints, respondent has failed to answer them, despite four letters with regard to each matter sent by the DDC to the respondent reminding him of his obligation to respond to the complaints and requesting a response. Respondent has ignored these requests.

The rules of this court provide that an attorney who is the subject of an investigation by the DDC may be suspended, pending consideration of the charges, upon a finding that the attorney failed to submit a written answer to the charges or failed to comply with any lawful demand of this court or the DDC made in connection with the investigation (22 NYCRR 603.4 [e] [1]).

Under the circumstances present here, respondent's disregard of the DDC's lawful and reasonable inquires with respect to the first complaint, and his failure to answer the last two complaints, warrant the imposition of an interim suspension pursuant to this rule. *(See, e.g., Matter of Gordon,* 142 AD2d 135; *Matter of Mandel,* 94 AD2d 278.)

Accordingly, respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the DDC have been concluded, and until further order of this court.

MURPHY, P. J., MILONAS, ELLERIN, WALLACH and RUBIN, JJ., concur.

Respondent is suspended from the practice of law in the State of New York, effective immediately.