[663 NYS2d 151]

In the Matter of JOHN L. PITULA (Admitted as JOHN LOUIS PITULA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 14, 1997

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Gentile & Benjamin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, John L. Pitula, was admitted to the practice of

law in the State of New York by the First Judicial Department on February 7, 1983, as John Louis Pitula.

On or about August 29, 1988, respondent was retained by Susan Lopez, a New Jersey resident, to represent her in connection with a criminal investigation being conducted by the Immigration and Naturalization Service. On or about September 1, 1988, Lopez delivered $200,000 to respondent's New Jersey cocounsels as a fee retainer. Respondent received $90,000 as his portion of the retainer. The same day, respondent deposited these funds into his general business account.

On or about September 16, 1988, Lopez discharged respondent and his New Jersey cocounsels. By letter dated November 7, 1988, Lopez demanded that respondent return her retainer. From the fall of 1988 until early 1990, respondent depleted the remainder of the $90,000. Respondent performed little or no work for Lopez and never furnished her or her counsel with any statement for services rendered.

As a result of the above, on March 28, 1991, Lopez commenced an action against respondent in the Supreme Court of New Jersey, Passaic County, entitled *Lopez v Pitula* (Docket No. PAS-L-3929-91). By order and opinion entered October 27, 1995, Honorable Christine L. Miniman, Supreme Court of New Jersey, granted judgment on default in favor of Lopez against respondent for $90,000 as compensatory damages and $30,000 for punitive damages. Her findings of fact included the following: "Based on the lack of any legal services performed by [respondent], the $90,000 fee which was paid to him was entirely excessive and unreasonable. Moreover, [respondent's] retention of the $90,000 retainer paid to him notwithstanding the fact that he did not perform any service to [Lopez] constitutes a fraud."

To date, respondent has not returned any portion of the $90,000 retainer to Lopez and has failed to make any payment to Lopez in satisfaction of the October 27, 1995 judgment entered against him.

The Departmental Disciplinary Committee (the Committee) served respondent with a notice and statement of charges dated October 2, 1996, which alleged that he was guilty of serious professional misconduct arising from his misappropriation of the $90,000 advance retainer. Specifically, respondent was charged with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) (Count One), taking an excessive fee in violation of DR 2-106

(A) (22 NYCRR 1200.11) (Count Two), failing to promptly refund a fee paid in advance that had not been earned, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15) (Count Three), and conduct which adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (8) (Count Four). On January 6, 1997, respondent submitted an answer in which he generally denied the charges, but admitted that he did collect a fee "in excess of the services rendered." The Committee and respondent entered into a prehearing stipulation setting forth the undisputed facts.

Hearings were held on this matter on January 7, 1997 and February 25, 1997. At the conclusion of the February 25, 1997 hearing, the Hearing Panel sustained Counts One, Three and Four of the charges and dismissed Count Two. On May 22, 1997, the Panel issued a report and recommendation in which it set forth its findings with respect to the charges and recommended that respondent be suspended from the practice of law for three years "and that reinstatement be contingent upon Respondent's satisfaction of the [$120,000] Judgment obtained by the client, or absent such satisfaction by a payment to the client of $70,000 [sic]".

In a memorandum of law in support of the motion for an order confirming the Hearing Panel's report and recommendation and suspending respondent from the practice of law for three years, the Committee argues that relevant cases demonstrate that the suspension for, inter alia, failure to return unearned fees has often been substantial, ranging from a one-year suspension to disbarment (Matter of Cofino, 211 AD2d 298; Matter of Moore, 197 AD2d 254; Matter of Heller, 195 AD2d 134; Matter of Somers, 50 AD2d 396; Matter of Morahan, 50 AD2d 398). The Committee asserts that the Panel's recommended sanction of a three-year suspension is appropriate here taking into account the fact that respondent's misconduct involved only one client, his prior disciplinary history,[1] the size of the sum he refused to return, the eight-year passage of time without any repayment, and the fact that respondent used the funds knowing that they were not rightfully his.

By notice of cross motion dated August 28, 1997, respondent moves for an order disaffirming the Hearing Panel's sanction recommendation. Respondent's counsel argues in the cross mo-

---

1. Respondent received a Letter of Admonition from the Committee on February 7, 1990 relating to a failure to supervise staff resulting in neglect in five different matters before the Immigration and Naturalization Service in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30).

tion and in a memorandum of law that the sanction is unduly harsh in light of respondent's alcoholism and depression[2] and the fact that he barely has enough income to support his family. Respondent requests that this Court, instead, impose a censure combined with a "novel" alternative sanction: permit respondent to continue to practice law while at the same time using a portion of his income to make periodic payments to his former client in order to ultimately satisfy his obligation to her. In the event respondent fails to make the periodic payments, the sanction would be converted into a suspension for the time period to be determined based upon respondent's failure to make said payments.

In our view, the Hearing Panel's findings of fact and conclusions of law should be confirmed. Respondent admitted that he failed to promptly return an unearned fee, which, in and of itself, constitutes a violation of DR 2-110 (A) (3). Moreover, this conduct is particularly venal since respondent admittedly utilized the funds for his own use with the knowledge that he would be unable to replace the funds and that the refund was currently due and payable. As the New Jersey court noted, the misappropriation of the unearned advance fee constituted, among other things, a fraud.

The above findings of fact and conclusions of law lead us to conclude, however, that respondent's misconduct merits a stronger sanction than either of those recommended by the respondent or the Committee.

Accordingly, we confirm the Hearing Panel's findings of fact and conclusions of law, but disaffirm the recommended sanction. Respondent shall be suspended from the practice of law for a period of five years with reinstatement contingent upon his satisfaction of the outstanding New Jersey judgment or, alternatively, payment to the client of $90,000. Respondent's cross motion is denied.

ELLERIN, J. P., WILLIAMS, MAZZARELLI, ANDRIAS and COLABELLA, JJ., concur.

Petition granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, but disaffirming

---

2. The Panel found that respondent's evidence concerning his alcoholism and depression did not constitute mitigating circumstances justifying a less severe sanction. While respondent suffered from alcoholism, depression and domestic difficulties at the time the advance fee was paid, he quickly obtained counseling that ended his drinking problem within a few weeks; his regular counseling sessions were terminated within 18 months because further regular counseling was deemed unnecessary.

the recommended sanction. Respondent suspended from the practice of law in the State of New York for a period of five years, effective immediately, and until the further order of this Court, with reinstatement contingent upon respondent's satisfaction of the outstanding New Jersey judgment or, alternatively, payment to the client, as indicated. Respondent's cross motion for lesser sanction than that of the Hearing Panel's recommendation is denied.